# North Pennsylvania Railroad Company *v.* Philadelphia and Reading Railway Company, Appellant.

*Corporation—Leases—Agreement by lessee to pay lessor's taxes —Construction—Intention.*

A railroad company leased its property to another railroad company by a lease providing that the lessee should "pay all taxes and assessments......upon the yearly payments herein agreed to be made by the party of the second part to the party of the first part ......for the payment or collection of which taxes or assessments the said party of the first part would otherwise be liable or accountable under any lawful authority whatever"; that the lessee "should pay all taxes, charges, levies, claims, liens, and assessments of any and every kind, which, during the continuance of the term hereby demised, shall, in pursuance of any lawful authority, be assessed or imposed on the demised premises, or any part thereof......all payments required to be made by the party of the first part during the term of this indenture......shall be assumed and discharged by the party of the second part as if the party of the second part were primarily liable for the same." The lessor having paid a tax under the Federal Income Tax Act of Oct. 3, 1913, c. 16, §11, 38 U. S. Stat. 114, 116, upon the income received under the lease, brought an action against the successor of the lessee, to recover the amount of such payments. The lower court entered judgment for plaintiff on demurrer to plaintiff's statement of claim. *Held,* no error.

Argued March 29, 1915. Appeal, No. 73, Jan. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1914, No. 2781, for plaintiff in case of North Pennsylvania Railroad Company v. Philadelphia and Reading Railway Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit to recover income tax paid by the plaintiff. Demurrer to plaintiff's statement of claim. Before McMICHAEL, P. J., and FERGUSON, J.

The opinion of the Supreme Court states the case.

The court entered judgment for plaintiff on the demurrer. Defendant appealed.

*Error assigned* was in entering judgment for the plaintiff on the demurrer.

*Abraham M. Beitler,* with him *Charles Heebner* and *Samuel Dickson,* for appellant.

*Ira Jewell Williams,* of *Simpson, Brown & Williams,* and *John G. Johnson,* with them *Marshall S. Winpenny,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 3, 1915 :

In 1879, the North Pennsylvania Railroad Company leased its road and equipment to the Philadelphia and Reading Railroad Company, and it is now operated by the latter's successor, the Philadelphia and Reading Railway Company. The terms of the lease, so far as material to the question here presented, are as follows :  Third. "That the party of the second part shall and will, during the continuance of the term hereby demised, assume the payment of, and punctually and faithfully pay all taxes and assessments upon the capital stock of the party of the first part, upon the yearly payments herein agreed to be made by the party of the second part to the party of the first part, and upon the dividends declared and paid by the party of the first part to its stockholders, out of the said yearly rent, for the payment or collection of which taxes or assessments the said party of the first part would otherwise be liable or accountable under any lawful authority whatever." Fourth. "That the party of the second part shall and will punctually and faithfully pay all taxes, charges, levies, claims, liens and assessments of any and every kind, which, during the continuance of the term hereby demised, shall in pursuance of any lawful authority, be assessed or imposed on

the demised premises, or any part thereof, or upon the business there carried on, or the receipts, gross or net, therefrom, or upon the franchises of the said party of the first part......all payments required to be made by the party of the first part during the term of this indenture, and not herein otherwise specially provided for, for or on account of, any matter in this indenture contained, to be performed or omitted by the party of the second part, shall be assumed and discharged by the party of the second part as if the said party of the second part were primarily liable for the same."

Plaintiff paid to the United States government under the Federal Act of October 3, 1913, c. 16, 38 U. S. Stat. 114, 116, an income tax of $4,450.21, which income included the rent paid by defendant. Plaintiff then demanded in this action that defendant repay the above sum, less such amount, as represented the tax on income received from other sources. The amount of this reduction was agreed upon and the only question raised here is as to the liability of defendant to pay the remainder of the tax after such deduction. The lower court entered judgment in favor of plaintiff from which judgment this appeal was taken.

It is contended by defendant that the income tax is a tax upon net income and not a tax upon the rents or profits derived from real estate; and therefore such tax is not within the terms of the lease, which require defendant to pay inter alia all taxes or assessments on the "yearly payments" provided for in the lease. The real question to be considered is the meaning of the parties in view of the language used by them, there being no doubt if defendant agreed in appropriate terms to pay the income tax or any other tax to which the plaintiff might be subjected, such agreement would be binding, regardless of whether the income tax be technically viewed as a tax on rent or on the net income from rent. By the provisions of the third section of the lease, defendant agreed to assume the payment of all taxes and

assessments upon the "yearly payments herein agreed to be made by the party of the second part to the party of the first part.......for the payment or collection of which......the said party of the first part would otherwise be liable or accountable under any lawful authority whatever." This clause is certainly quite broad enough to cover the income tax, payable out of and assessed upon the "yearly payments agreed to be made." The same paragraph provides that defendant shall also pay the tax on dividends declared by plaintiff out of the yearly rent as well as the taxes and assessments on the capital stock of plaintiff. It was the apparent intention of the parties, that plaintiff should receive the amounts stipulated without deduction by reason of any tax, charge or assessment of any kind. At the time the lease was made, there was no such thing as a federal income tax, but the words "taxes and assessments" are sufficiently broad to cover such tax. This construction is further supported by the subsequent provision in paragraph four of the lease to the effect, that, "all payments required to be made by the party of the first part during the term of this indenture, and not herein otherwise specially provided for, for or on account of, any matter in this indenture contained," shall be assumed and discharged by defendant, as if primarily liable for the same. This view of the case makes it unnecessary to decide the technical question, whether a tax on income received from rent amounts to a tax upon the rent itself. Strictly speaking, there is a clear distinction between the two. The tax on income is a tax irrespective of the source, or, in other words, it is a tax on the net revenue derived from all sources. The net income from real estate may be much less than the rent derived from the same property; however, even if the income tax be viewed as a tax on the property itself, it is covered by the fourth clause of the lease which requires the defendant to pay the charges levied thereon by any lawful authority. If it be construed to be a tax on the rent or on the net income derived from the rent, it is covered by the

other provisions of the lease above quoted. The only question remaining would be the practical one of separating the net revenue derived from these rents from that derived by plaintiff from other sources, but as this question has been settled by agreement of the parties themselves it need not be considered here.

The judgment of the lower court is affirmed.