# Catawissa Railroad Company *v.* Philadelphia & Reading Railway Company, Appellant.

*Contracts—Construction—Intention—Leases—Corporations—Income tax—Agreement to pay—Act of May 14, 1915, P. L. 483.*

1. Where a lease specifically designates certain taxes which the lessee is to pay, and subsequently other taxes of a different character are levied upon the property, the principle expressio unius est exclusio alterius applies and the lessee will not be required to pay the additional taxes.

2. In an action by the lessor of a railroad property to recover from the lessee a tax levied by the Federal government upon the income which plaintiff derived from the property and which plaintiff had paid, it appeared that the lease provided that the lessee should "punctually and faithfully pay all taxes, charges and assessments which, during the continuance of the term hereby demised, shall be assessed or imposed under any existing or future law on the demised premises or any part thereof, or on the business there carried on, or on the receipts, gross or net, derived therefrom, or upon the franchises of said company, for the payment or collection upon the capital stock of the (lessor) or the dividends thereon, or upon the franchises of said company for the payment or collection of any of which said taxes the (lessor) may otherwise be or become liable or accountable under any lawful authority whatever." *Held,* that such tax on income was not within the clear and specific terms of the lease, and was not contemplated by the parties at the time of its execution, and that the plaintiff could not require payment thereof by defendant; and defendant was given leave to move for judgment under the Act of May 14, 1915, P. L. 483.

Mr. Justice FRAZER dissents.

Argued March 21, 1916. Reargued April 17, 1916. Appeal, No. 56, Jan. T., 1916, by defendant; from judgment of C. P. No. 4, Philadelphia Co., June T., 1915, No. 4842, for plaintiff for want of a sufficient affidavit of defense, in the case of Catawissa Railroad Company v. Philadelphia and Reading Railway Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Assumpsit to recover money paid to defendant's use under the terms of a lease. '

Rule for judgment for want of a sufficient affidavit of defense. Before CARR, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

*Abraham M. Beitler,* with him *Charles Heebner,* for appellant.—Under the terms of the lease the taxes which the lessee could be required to pay were specified. The income tax is not specified therein, and therefore the lessee is not required to pay it.

*John Hampton Barnes,* for the appellee.—The lease imposed an obligation on the lessee to assume and pay so much of the Federal income tax against the lessor's income as is chargeable after proper deductions have been made from the rentals received under the lease; the wording of this lease directing the payment by the lessee of certain taxes is broad enough to cover the income clause and should be construed to cover it in accordance with the general intention of the parties.

OPINION BY MR. CHIEF JUSTICE BROWN, October 25, 1916:

This action, brought on a lease between the appellee and appellant, executed December 7, 1896, is for the recovery of income tax paid by the lessor to the United States government. The following is the clause in the lease under which the court below entered judgment against the lessee: "The Railway Company shall and will also punctually and faithfully pay all taxes, charges, and assessments which, during the continuance of the term hereby demised, shall be assessed or imposed under

any existing or future law on the demised premises or any part thereof, or on the business there carried on, or on the receipts, gross or net, derived therefrom, or upon the said several issues of bonds or the interest thereon, or upon the capital stock of the Catawissa company or the dividends thereon, or upon the franchises of the said company, for the payment or collection of any of which said taxes the Catawissa Company may otherwise be or become liable or accountable under any lawful authority whatever." Nothing in the foregoing justifies the judgment from which the Philadelphia and Reading Railway Company has appealed. The lease provides specifically what taxes it is to pay, and expressio unius est exclusio alterius. The income tax was not imposed by the government upon "the demised premises or any part thereof," nor "on the business there carried on," nor "on the receipts, gross or net, derived therefrom," nor upon the "issues of bonds or the interest thereon," nor "upon the capital stock of the Catawissa company, or the dividends thereon," nor "upon the franchises of the said company." It was imposed upon rental received by the lessor from the lessee; but what is to be found in the lease from which it is to be inferred that the intention of the parties to it was that the lessee was to pay any taxes that might be assessed on what it paid as rent? In North Pennsylvania Railroad Company v. Philadelphia and Reading Ry. Company, 249 Pa. 326, relied upon by learned counsel for appellee in support of the judgment in its favor, the express covenant in the lease was that the lessee was to pay "all taxes......upon the yearly payments herein agreed to be made by the party of the second part to the party of the first part." It is well contended for appellant that the terms of the present lease are radically different. The judgment in favor of the plaintiff below imposed upon the defendant a burden which is not within the clear and specific terms of the lease, and is not, therefore, to be regarded as having been contemplated by the parties to it at the time of its execution.

The judgment is reversed, the rule to show cause why it should not be entered for want of a sufficient affidavit of defense is discharged and the record is remitted with leave to the defendant to move for judgment under the Act of May 14, 1915, P. L. 483. .

DISSENTING OPINION BY MR. JUSTICE FRAZER:

Plaintiff in 1896 leased its entire road and equipment to defendant for the term of nine hundred and ninety-nine years, the lease containing an agreement on the part of defendant to pay all taxes, charges and assessments imposed on the premises, or business, or the receipts therefrom, or on its bonds, stocks, or dividends, or on the franchises, for which plaintiff might become liable.    In 1914 plaintiff paid to the United States government under the Income Tax Law of October 3, 1913, 38 U. S. Stat. 114, the sum of $1,647.77, levied on its net income arising from all sources, $1,600.00 of which represented one per cent of the net income derived from rental paid under the lease to defendant.    Of the latter sum $266.67 is the amount of the Federal excise tax assessed for the months of January and February, 1913, and the balance of $1,333.33 represents the assessment on income for the remainder of the year 1913.    Plaintiff notified defendant of the assessment of the tax and requested payment thereof as part of the rental under the lease, which defendant refused, whereupon plaintiff paid the tax and brought this action for recovery of the amount so paid.    Defendant's affidavit of defense admitted the facts set forth in the statement of claim, but denied liability for the assessment under the terms of the lease. Plaintiff took a rule for judgment for want of a sufficient affidavit of defense and the court below entered judgment for plaintiff for the above amount with interest, from which this appeal is taken, the sole error assigned being the action of the court in entering such judgment.

The construction of a lease of another road to this

same defendant, somewhat similar in its terms, was before this court in North Penna. R. R. Co. v. Philadelphia & Reading Ry. Co., 249 Pa. 326, where it was held an agreement by the lessee to pay all taxes and assessments of any and every kind assessed or imposed on the premises, franchises, or the business or receipts therefrom, or on the capital stock, or dividends, or the yearly payments to be made under the lease, for which the lessor would otherwise be liable or accountable under any lawful authority, was sufficiently broad in its scope to include liability for the payment of the Federal income tax subsequently levied upon the lessor. It is earnestly contended by defendant, however, that the terms of the present lease are so different from the lease in the North Pennsylvania Railroad case as to justify a contrary conclusion here.

In the present case, as in the one above referred to, the Federal Income Tax law was not in existence at the time the lease was made, and whether or not such a tax was within the contemplation of the parties must depend upon their intention gathered from the general terms of the lease. It is first provided that, in consideration of the lease of plaintiff's property and franchises, which are fully described, the defendant "shall and will well and truly pay, or cause to be paid......as rent for the said demised premises, the following sums of money." The first requirement is that defendant pay such sum as will be "equal to all interest moneys hereafter to mature" on outstanding bonds of plaintiff company or on renewals or extensions thereof, "free from any tax thereon," with a further provision that if defendant pay any part of the principal of the bonds the annual rental shall be reduced accordingly. The lessee also agrees to pay "such sum as will be equal to five per cent." on the preferred stock outstanding or which may in the future be issued for improvements, in which case the rental shall be increased by a sum sufficient to pay five per cent. thereon "free from taxes." While the above provisions

are not of direct application to the precise question involved, they are referred to as bearing on the intent of the parties and therefore to be considered in the construction of the lease: Berridge v. Glassey, 112 Pa. 442; North Penna. R. R. Co. v. Philadelphia & Reading Ry. Co., supra. The fourth paragraph of the lease contains the following clause, the proper construction of which is the principal subject of contention: "The railway company (defendant) shall and will also punctually and faithfully pay all taxes, charges and assessments which, during the continuance of the term hereby demised, shall be assessed or imposed under any existing or future law on the demised premises or any part thereof, or on the business there carried on, or on the receipts, gross or net, derived therefrom, or upon the said several issues of bonds or the interest thereon, or upon the capital stock of the Catawissa company or the dividends thereon, or upon the franchises of the said company, for the payment or collection of any of which said taxes the Catawissa company may otherwise be or become liable or accountable under any lawful authority whatever." While these provisions are not identical with the provisions of the lease in the North Penna. Railroad case, I see no sufficient reason for adopting here a construction different from that placed upon the provisions of the lease in that case. The intention of the parties, as in that case, appears to be to impose upon the lessee the duty of paying to the lessor a sum sufficient to meet its obligations to its stock and bondholders, and to maintain its corporate existence. Its entire property and franchises were turned over to defendant on terms which gave the latter, to all practical purposes, absolute control. No business was carried on by plaintiff, subsequent to the lease, from which it could derive income, but in lieu thereof it was dependent on rentals received under the terms of the lease. Plaintiff had certain obligations to meet at stated intervals, which might vary from time to time, and to meet this contingency, instead of stipulating for a cer-

tain rent, a variable sum was provided for, dependent
upon the amount of charges or taxes which might in the
future be imposed on plaintiff's corporate franchises,
stock, bonds, etc. It was only in this manner that the
lessor, with no other source of income, could fully protect
its stock and bondholders and enable it to continue in-
definitely to pay the former "such sum as will be equal
to five per cent." and to the latter interest "free of any
taxes." It is true, income tax is not specifically men-
tioned in the lease; and, while a strict technical con-
struction of the words of the lease would not include in-
come tax, such construction would disregard the general
object and purposes indicated by the various provisions
governing the amount of rent provided for under the
lease.

It is strenuously argued by defendant that in the
clause which requires defendant to pay all taxes or as-
sessments "on the demised premises, or any part thereof,
or on the business there carried on or on the receipts,
gross or net, derived therefrom," the word "therefrom"
refers to the business and not the premises, and as no
business is being carried on by plaintiff, but on the con-
trary is transacted entirely by defendant, there can be
no basis for construing this clause to require defendant
to pay a tax on rents received from the premises. On
the other hand plaintiff argues "therefrom" refers to the
premises, which forms the consideration for the rent, and
income tax levied thereon is a tax or assessment which
defendant agreed to pay. While defendant's view is
more in accord with the strict grammatical construction
of the clause, standing alone, yet reading it in connec-
tion with the remainder of the paragraph in which it
occurs, inclines me to the opposite view. The general
effect of the paragraph is to require defendant to pay all
taxes, charges and assessments which may be based on
the subjects then enumerated.

The business of operating the leased property is car-
ried on solely by defendant. Plaintiff was, therefore,

not concerned with a tax on the receipts derived therefrom. It was not doing business, nor was it engaged in business, as has been decided in McCoach v. Minehill & Schuylkill Haven R. R. Co., 228 U. S. 295. No valid reason existed for inserting a clause requiring defendant to pay taxes or assessments on something with which plaintiff was not concerned. The taxes or assessments in the minds of the parties at the time the lease was made were apparently those for which plaintiff might, then or in the future, be held accountable. The enumeration of the various objects of taxation or assessment is followed by the general clause which limits them to those "for the payment or collection of any of which said taxes the Catawissa company may otherwise be or become liable or accountable under any lawful authority whatever." Since the Catawissa company would not be liable for tax on the receipts derived from the business which it did not carry on, the clause in question is meaningless, unless the "receipts therefrom" be construed as meaning receipts from the "demised premises or any part thereof." As the rent provided for in the lease would plainly be a receipt from the premises, an income tax based thereon must be held to be a charge or assessment which defendant, under the terms of its agreement, is bound to pay.

Under the ruling in McCoach v. Minehill & Schuylkill Haven R. R. Co., 228 U. S. 295, plaintiff was not engaged in business within the meaning of the Federal Corporation Tax Act and was therefore not liable for the excise tax for the months of January and February, 1913. However, as the payment of this tax was made before the decision in that case, upon demand by the lawful authorities, and with notice to defendant, whom, under the lease, I would hold liable for the payment thereof, plaintiff was justified in paying to avoid the risk of incurring the penalties of the act in the event of an adverse ruling by the court. As between plaintiff and defendant the amount thus paid was not, in my opinion, paid voluntarily and an action of assumpsit lies to recover the

amount só paid : Millard v. Del., Lack. & Western R. R. Co., 240 Pa. 234. For the foregoing reasons I would affirm the judgment in this case.