# Van Beil, Appellant, *v.* Brogan.

*Taxation — Ground rents — Federal income tax — Payment at source.*

Where a ground rent deed reserves "a yearly rent or sum of $10,-000 lawful money" and provides that the covenantor shall pay without any deduction, defalcation, or abatement for "any taxes, charges or assessments" and that he "shall pay all taxes whatsoever that shall hereafter be levied or assessed by virtue of any law whatever as well as on the said hereby granted lot and buildings thereon erected or to be erected as on the yearly rent now charged thereon," the covenantor must pay out of his own pocket the ground rent landlord's income tax imposed by the Federal Income Tax Act of October 3, 1913, c. 16-38, U. S. Statutes 114, 116.

Argued Oct. 11, 1915.  Appeal, No. 5, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 4225, for defendant on case stated in suit of Executors of Mary Van Beil v. Daniel E. Brogan and Finance Company of Pennsylvania.  Before ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Reversed.

Case stated to determine liability for income tax on ground rent.  Before SULZBERGER, P. J.

The opinion of the Superior Court states the facts.

384, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was in entering judgment for defendant on case stated.

R. W. *Archbald, Jr.,* for appellants.—The tax was payable by the covenantor or his assigns: Pollock v. Farmers Loan & Trust Co., 157 U. S. 429; North Penn R. R. Co. v. Philadelphia & Reading Ry. Co., 249 Pa. 326.

*William N. Trinkle,* with him *John C. Bell,* for appellees.—From the express language of the covenant itself, when properly construed, it appears that Brogan undertook and agreed to pay taxes on the ground rent itself, i. e., upon the distinct species of real estate reserved out of the grant of the premises to Brogan by Van Beil, and not taxes on the payments of rent such as the Federal Income Tax, even assuming that the latter could be regarded as a tax levied on the proceeds or payments of the ground rent so reserved: Case v. Cushman, 3 W. & S. 544; Robinson v. Allegheny County, 7 Pa. 161.

In any event, the very utmost that could be said in favor of appellant's contention is that the language of the deed and covenant creates an ambiguity or doubt as to whether it was intended that the covenantor should pay a tax such as the Federal Income Tax; and under well settled principles, such ambiguity or doubt must be resolved against the grantor in the ground rent deed: Klaer v. Ridgway, 86 Pa. 529.

OPINION BY PORTER, J., March 7, 1917:

The case stated, agreed upon by the parties, discloses the following facts which are material to the determination of the question here involved. Mary Van Beil, by deed dated September 1, 1906, conveyed to Daniel E. Brogan, the lot of ground at the southeast corner of Tenth and Market streets, in the City of Philadelphia, reserving a yearly ground rent of $10,000, payable in quarterly payments of $2,500, on the first days of December, March, June and September in every year. The deed

contained the following covenant: "The said Daniel E. Brogan, for himself, his heirs, executors, administrators and assigns doth covenant, promise and agree to and with the said Mary Van Beil, her heirs and assigns, that he, the said Daniel E. Brogan, his heirs and assigns shall and will well and truly pay or cause to be paid to the said Mary Van Beil, her heirs and assigns, the aforesaid yearly rent or sum of $10,000 lawful money as aforesaid on the days and times hereinbefore mentioned and appointed for the payment thereof without any deduction, defalcation or abatement for any taxes, charges or assessments whatsoever; it being the express agreement of the said parties that the said Daniel E. Brogan, his heirs and assigns shall pay all taxes whatsoever that shall hereafter be levied or assessed by virtue of any law whatever as well on the said hereby granted lot and buildings thereon erected or to be erected as on the said yearly rent now charged thereon." Daniel E. Brogan, on the same day, granted and conveyed the said premises, subject to the ground rent, to the Finance Company of Pennsylvania, which corporation at the time of the commencement of this suit was the real owner of the land charged with and out of which the ground rent issues. Part of the quarterly payment of the said ground rent due and payable June 1, 1914, has not been paid, to wit, the sum of $25. The defendant, the Finance Company of Pennsylvania, claims that by reason of the provisions of the Federal Income Tax Law, approved October 3, 1913, it is entitled to deduct and withhold from the said quarterly installment; to wit the sum of $2,500, the sum of $25, being the normal income tax of one per cent. thereon, and to pay the amount of the same to the United States Government. The plaintiff brought this action to recover the amount which the defendant asserted the right to deduct from the installment of rent, and the parties agreed upon the case stated. The court below entered judgment for the defendant upon the case stated and the plaintiff appeals.

It must be conceded that two distinct estates in this land were created by the ground rent deed; the fee simple estate was vested in Brogan and his successors in title, and a separate estate, the ground rent, was vested, by reservation, in the grantor: Bosler v. Kuhn, 8 W. & S. 183. The tenant cannot be called upon to pay the taxes imposed upon the ground rent in the absence of a covenant in the deed requiring him so to do: Robinson v. County of Allegheny, 7 Pa. 161. If, therefore, the defendants can be called upon to pay the income tax laid upon the annual rent payable to the plaintiff, it can only be because they are required to do so by the covenants of the deed. This is all that need be said with regard to the technical character of the respective estates.

This annual rent, being in excess of $3,000, the defendants were required, in behalf of the plaintiff, to deduct and withhold from the plaintiff an amount equivalent to the normal income tax upon the same and make and render a return, in accordance with the provisions of the act, and to pay the normal income tax "to the officer of the United States Government authorized to receive the same, and they are each hereby made personally liable for such tax." Under the act of congress the defendants became collectors for the government of the income tax as respects this rent. This is known as "collection at the source," and the purpose of it is to secure to the government the amount of the tax, when that is secured it matters not to the government how the parties may settle the matter among themselves. The provision of the statute authorizing the party paying the rent to withhold an amount equivalent to the normal income tax is merely incidental to the primary purpose of the act, the collection of revenue. This provision was intended to enable a tenant to retain, in advance, out of the payment due to his landlord the amount of the tax which he would be required to pay and which he himself had not covenanted in his lease to pay. There is nothing in the act which would warrant a construction that the

act was intended to strike down a covenant between a landlord and tenant that the latter should pay a tax of this character. The minute provisions of the act, with regard to the annual payments of rent with which we are now dealing, for withholding the tax at the source and a description of the payment which is exacted as a tax, forbid the conclusion that the tax is not levied upon the payments, the source from which a part of the income is derived. It has recently been so held by the Supreme Court of Massachusetts in Suter v. Jordan, Marsh Co., 113 N. E. Rep. 580.

"The real question to be considered is the meaning of the parties in view of the language used by them, there being no doubt if the defendant agreed in appropriate terms to pay the income tax or any other tax to which the plaintiff might be subjected, such agreement would be binding, regardless of whether the income tax be technically viewed as a tax on rent or the net income from rent": North Pennsylvania Railroad Co. v. Philadelphia & Reading Railway Co., 249 Pa. 326; Catawissa Railway Co. v. Philadelphia & Reading Railway Co., decided October 25, 1916, and not yet reported. What then, is the meaning of the covenants, above quoted, in this deed? Daniel E. Brogan, for himself, his heirs and assigns covenanted to pay to the grantor, her heirs and assigns "the aforesaid yearly rent or sum of $10,000 lawful money as aforesaid on the days and times hereinbefore mentioned and appointed for payment thereof without deduction, defalcation or abatement for any taxes, charges or assessments whatsoever." If the parties had known that a Federal Income Tax was in the future to be imposed and that the tenant under that law would be required to pay the tax, on the "yearly rent or sum of $10,000," they could not have used words more fitting to forbid the tenant from deducting the amount of the tax so paid from the yearly rental. In this part of the covenant they use the term "yearly rental" as synonymous with the "sum of $10,000." This broad covenant is not

limited nor qualified by the concluding clause, viz: "it being the express agr,eement of the said parties that the said Daniel E. Brogan......shall pay all taxes whatsoever that shall hereafter be levied or assessed by virtue of any law whatever as well on the said hereby granted lot and buildings thereon erected or to be erected as on the said yearly rent now charged thereon." It was manifestly the intention of the parties, by this covenant, to secure to the grantor, her heirs and assigns the full payment of the "yearly rent or sum of $10,000 lawful money...... without any deduction, defalcation or abatement for any taxes, charges or assessments whatsoever." Daniel E. Brogan covenanted not only for himself but his successors in title, the covenant ran with the land and the Finance Company of Pennsylvania hold the title subject to the burden. We, therefore, hold that the plaintiff is entitled to recover the balance of the installment of rent which remains unpaid. Under the stipulation of the case stated the plaintiff is entitled to recover, in addition to the balance of the rent, the sum of $60 as attorney's fees in this action.

The judgment is reversed and judgment is now entered for the plaintiff and against the defendants in the sum of $85 and costs.

HENDERSON and KEPHART, JJ., dissent.