# Little Schuylkill Navigation Railroad and Coal Co., Appellant, *v.* Philadelphia & Reading Railway Company.

*Railroads—Lease—Liability for income tax.*

Where under a lease from one railroad company to another of all the property and franchises of the lessor, the lessee inter alia undertakes that it will "pay all taxes, charges and assessments which during the continuance of the term......shall be assessed or imposed under any existing or future law on the demised premises or any part thereof, or on the business there carried on or on the receipts, gross or net, derived therefrom......or upon the capital stock of the" lessor "or the dividends thereon, or upon the franchises of the" lessor "for the payment or collection of any of which said taxes the" lessor "may otherwise be or become liable or accountable under any lawful authority whatever," the lessee is not liable for the payment of the income tax levied against the lessor under the Act of Congress approved October 3, 1913?

Argued Oct. 18, 1917.   Appeal, No. 229, Oct. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3580, on verdict for defendant in case of Little Schuylkill Navigation Railroad & Coal Co. v. Philadelphia & Reading Railway Co.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover the amount of income tax paid by plaintiff to the United States government.

From the record it appeared that on January 4, 1897, the appellant leased to the appellee its entire railroad and all other property, including its leasehold interest in the East Mahanoy Railroad Company, and all its rights, powers and franchises, other than the franchise of being a corporation, for the term of nine hundred and ninety-nine years, in consideration of the payment by the lessee first, of an annual sum, equal to five per cent. upon the lessor's outstanding capital stock; second, of a further annual sum for the purpose of maintaining its corporate organization; and third, of "all taxes, charges and assessments which during the continuance of the term hereby demised shall be assessed or imposed under any existing or future law on the demised premises or any part thereof, or on the business there carried on, or on the receipts, gross or net, derived therefrom, or upon the capital stock of the" appellant "or the dividends thereupon, or upon the franchises of the said company, for the payment or collection of which said taxes the" appellant "may otherwise be or become liable or accountable under any lawful authority whatever."

This suit was brought to recover $1,085.07 the amount of income tax paid by plaintiff to the United States government.

The court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

124 LITTLE SCH. N. R. R. & C. CO., Appel., *v.* P. & R. RY. CO.

Opinion of the Court. [69 Pa. Superior Ct.

*Frank P. Prichard,* of *Prichard, Saul, Bayard & Evans,* for appellant.

*Abraham M. Beitler,* for appellee.

PER CURIAM, March 2, 1918:

It is conceded by the appellant that there is no distinction in principle between the case under consideration and that of Catawissa R. R. Company against the present appellant, reported in 255 Pa. 269, and the appellant urges that decision was erroneous.

Under the act of assembly creating the Superior Court it is provided, section 10, "Upon any question whatever before the said court the decision of the Supreme Court shall be received and followed as a binding authority." For this reason we adopt the conclusion reached by the Supreme Court and affirm this judgment.