## Ehrlich et al. v. Brogan et al., Appellants.

*Deeds—Ground rent deeds—Covenants to pay taxes—Federal income tax—Construction—Case stated—Act of Congress of October 3, 1913, St. at L. 166.*

1. The Federal Income Tax Act of October 3, 1913, U. S. Statutes at Large 166, being silent on the subject, the language of the contract itself must govern in determining which of the contracting parties is, as between themselves, liable for the tax on the income accruing thereunder.

2. Only such judgment can be entered on a case stated as the parties have therein agreed upon.

Mr. Justice MOSCHZISKER and Mr. Justice WALLING dissent.

Argued July 16, 1918. Appeal, No. 142, Jan. T., 1917, by defendant, from judgment of Superior Ct., Oct. T., 1915, No. 5, reversing judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 4225, for plaintiff in case of Franz Ehrlich, Jr., and the Pennsylvania Company for Insurances on Lives and Granting Annuities, Executors of the Will of Mary Van Beil, deceased, v. Daniel E. Bro-

gan and the Finance Company of Pennsylvania.  Before
BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WAL-
LING, SIMPSON and FOX, JJ.  Affirmed.

Appeal from Superior Court.

The opinion of the Superior Court states the facts.
See 65 Pa. Superior Ct. 384.

The court of Common Pleas entered judgment in favor
of the plaintiff for $85 and costs.  The Superior Court re-
versed the judgment of the Court of Common Pleas.
Defendant appealed.

*Error assigned* was the judgment of the Superior
Court.

*William N. Trinkle,* with him *John C. Bell,* of *Bell,
Trinkle & Deeter,* for appellant.—Under the covenant of
the ground rent deed, the income tax would not be levied
upon the periodical payments until after they had be-
come due and payable to the ground rent landlord; the
covenant to pay the taxes was a mere personal obliga-
tion which did not run with the land: Focht's Est., 2
Woodward 269; Catawissa R. R. Co. v. Philadelphia &
Reading Ry. Co., 255 Pa. 269, 271; Robinson v. County
of Allegheny, 7 Pa. 161; Klaer v. Ridgway, 86 Pa. 529.

*R. W. Archbald, Jr.,* for appellees, cited:  North
Penna. R. R. Co. v. Philadelphia & Reading Ry. Co., 249
Pa. 326.

OPINION BY MR. JUSTICE SIMPSON, October 7, 1918:

The facts in this case are accurately stated in the opin-
ion of the Superior Court (65 Pa. Superior Ct. 384), and
need not be repeated here.  Its reasoning and judgment
also are correct, and but little need be added thereto,
except to answer the complaints of appellant that certain
of its arguments were not considered by that court, or if
considered were not given due weight.

It may be said, however, that if the accruing yearly rent reserved in the deed from Mary Van Beil to Daniel E. Brogan, is not income, within the meaning of the Act of Congress of October 3, 1913, then no income tax was due thereon, and, appellant not having paid to or for plaintiff the whole of the annual ground rent "due and payable June 1, 1914," either it or its land is liable for the balance thereof. On the other hand, if the accruing yearly rent is income within the meaning of the act of Congress, then, as it was agreed in the deed that the reserved rent should be paid "without any deduction, defalcation or abatement for any taxes, charges or assessments......on the yearly rent hereby and thereout reserved," and as the grantee covenanted for himself, his heirs and assigns to "pay all taxes whatsoever that shall hereafter be laid, levied or assessed by virtue of any law whatever......on the said yearly rent," when appellant, as his assignee, paid to the United States the normal tax thereon, it only paid that for which, in addition to the annual rent itself, its land, if not it itself, was liable; and hence it or its land is still liable to plaintiff for the balance of the ground rent claimed. We do not agree with appellant that the above-quoted provisions of the deed relate to the corpus of the rent. By their terms they relate to the "yearly rent," which the deed itself defines as "the yearly rent or sum of $10,000."

Nor is appellant more fortunate in its contention that judgment should be entered for it, because the covenants above quoted are the personal covenants of Daniel E. Brogan only. The case stated says that the action is a summons assumpsit sur ground rent deed, and asks the courts to decide only "Whether under the facts stated the plaintiff is entitled to recover," in that action, the balance of $25, still unpaid. It is not necessary to determine, therefore, whether or not technically the judgment provided for should have been for one de terris only. Following the case stated we decide that the Superior Court was correct in holding that the plaintiffs are entitled to

recover in this suit the unpaid balance of $25, and the counsel fee agreed upon; and hence the judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER, October 7, 1918:

It seems to me the consideration of a case such as the one in hand should be approached with this guiding thought in mind: the law contemplates each person shall pay his own income tax, and that course must be pursued unless it plainly appears another has contracted to assume the burden for him. Here, as I read the contract and understand the law, it does not appear that the ground landlord undertook to pay any part of the income tax assessed against the owner of the rent. In other words, to my mind, the court below was right in deciding that the income tax assessed against plaintiffs was neither in fact nor law specifically levied upon the ground rent and, therefore, was not comprehended by the covenant here sought to be enforced against defendant.    \

Plaintiffs are liable to a tax on "the net income" accruing, during the year in question, on the entire estate in their charge, and this is arrived at by considering, as factors or elements, certain defined kinds of gross income, less several characters of credit designated in the act of Congress; but, as said by President Judge SULZBERGER, of the court below, "The provisions of the act......show that the income tax is based on a multiplicity of factors, whose sum, when ascertained, is reduced by other factors, and that the figure which finally becomes the measure of the income tax cannot be referred to any specific item whatever......The whole scheme of the act shows that its immediate relation is with the person charged."

I cannot agree with the reasoning of the majority that "if the accruing yearly rent......is not income, within the meaning of the act......, then no income tax was

due thereon, and, appellant not having paid to or for plaintiff the whole of the annual ground rent, ...... either it or its land is liable for the balance thereof." Of course, the installment of rent in question is an element which enters into the assessment against plaintiffs, and, therefore, defendant, being the person at the source required under the act to make payment, is liable as collector for the government, and, for that reason, has the legal right to withhold the amount to be paid by him from the current installment of rent due plaintiffs; but, again quoting from the court below, "It is obvious that this act makes the covenantor [defendant] a mere agent of the covenantee [plaintiff] to pay definitely or provisionally, as the case may be, a part of the latter's income tax. The words are unmistakable. The covenantor here is to return and pay, 'in behalf of' the covenantee, not a tax, but 'an amount equivalent to the normal income tax' upon the amount in its hands on account of the covenantee......Taxation at the source is only a method of guarding against neglect, error or fraud......If the amount to be withheld be in excess of the tax due, provision is made to avoid the withholding from the person entitled, or, if actually paid over, to obtain for such persons refund from the government." The amount in controversy here does not exceed the total income tax due by plaintiffs; hence defendant properly withheld it, and, accordingly, is entitled to judgment on the case stated.

I shall not undertake to distinguish the decisions of this or the Federal Supreme Court which deal with the general subjects now before us; for present purposes, it is sufficient to say that, to my mind, none of them determines the precise point involved in this case; but I may add that, in the last analysis, the income tax payable by an individual is in reality a proportionate conscription of his current receipts of money, which burden, like conscription of the person, should not be considered subject to transfer by bargain, unless and until the Government expressly so ordains; and, if possessed of

the power, I would have no hesitancy in thus determining.

I would reverse the Superior Court and affirm the judgment of the court below; holding the views here indicated, which will be found elaborated in the opinion of the learned President Judge of the latter tribunal (see Van Beil v. Brogan, 23 Pa. Dist. R. 1055), I note this dissent, in which my Brother WALLING joins.