# Philadelphia City Passenger Railway Company et al. *v.* Philadelphia Rapid Transit Company, Appellant.

*Lease—Street railway—Covenant to pay taxes imposed on lessor —Construction—Federal income tax—War excess profit tax.*

A covenant in a lease of a street railway to pay all taxes lawfully imposed upon the lessor, or for which the lessor would be liable on account of its earnings or profits, is broad enough to include the federal income tax and the war excess profits tax, although such taxes were not in existence at the time the lease was executed.

Argued Jan. 14, 1919.  Appeals, Nos. 232, 233, 234, 235, 236, 237, 238, 239 and 240, Jan. T., 1919, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1918, Nos. 3162, 3165, 3166, 3155, 3156, 3158, 3159, 3161 and 3167, in favor of plaintiffs in actions to recover amount paid for taxes in the cases of Philadelphia City Passenger Railway Company v. Philadelphia Rapid Transit Company; Thirteenth and Fifteenth Streets Passenger Railway 'Company of Philadelphia v. Same; Ridge Avenue Passenger Railway Company v. Same; Germantown Passenger Railway Company v. Same; The Frankford and Southwark Philadelphia City Passenger Railroad Company v. Same; Union Traction Company of Philadelphia v. Same; Philadelphia Traction Company v. Same; Hestonville, Mantua and Fairmount Passenger Railroad Company v. Same; The Citizens Passenger Railway Company of Philadelphia .v. Same.   Before BROWN, C. J., MOSCHZISKER, FRAZER. WALLING and KEPHART, JJ.  Affirmed.

Assumpsit to recover amount of federal income tax and excess profits tax assessed against plaintiffs and based upon covenants of a lease. Before McMichael, P. J., and Ferguson and Davis, JJ.

Judgment was entered for the plaintiffs for the full amount.

The lower court filed the following opinion in the case of the Ridge Ave. Passenger Ry. v. Phila. Rapid Transit Co.:

Ferguson, J.:

The covenant which binds the defendant and which is invoked to require it to pay the taxes imposed by the federal government under the Act of Congress of September 8, 1916, as amended by the Act of October 3, 1917, requires the defendant to "pay all taxes, charges and assessments now or hereafter lawfully imposed upon Ridge Avenue [the plaintiff] or for which Ridge Avenue would otherwise in any wise be liable or chargeable on account of its......earnings......or profits."

At the time the lease which contained this covenant was executed the federal tax laws above referred to were not in existence. The covenant provided, however, for the payment of all taxes thereafter lawfully imposed, and the question to be determined is whether or not such taxes are within the meaning of the covenant.

We think the case is ruled by North Pennsylvania R. R. Co. v. Phila. & Reading Ry. Co., 249 Pa. 326. In that case the covenant provided for the payment of all taxes upon the yearly payments which the lessee was obligated to pay the lessor as rent. It was held that the lessee in that case was obliged to pay the amount assessed as income tax under the Act of Congress of October 3, 1913. In that case the tax was not imposed on the "yearly payments" or "rent" as such, but was laid upon the net income. In the case at bar the income tax is laid upon net income, and the so-called war excess profits tax is laid upon income, received during the calendar year preceding the time when the tax is assessed.

So far as the covenant under consideration is concerned we think it amply sufficient to cover both the income tax and the excess profits tax, in view of the fact that any tax assessed upon the earnings or profits of the plaintiff were to be paid by the defendant. The plaintiff having turned over all of its property to the defendant, the only earnings or profits it can receive are from the lease, and whether the tax be imposed upon income, net or gross, it is in fact imposed upon the rental. Earnings and profits under the circumstances must be regarded as was the yearly rent in the North Penn case.

The distinction between a tax laid upon the lessor in a lease of this character, and one laid upon the premises or business, or receipts thereof, is very clearly pointed out by the present Chief Justice in Catawissa R. R. Co. v. Phila. & Reading Ry. Co., 255 Pa. 269.

We are of opinion therefore that judgment should be entered for the plaintiff for the full amount of its claim with interest.

Judge DAVIS concurs in this opinion.


MCMICHAEL, P. J., November 20, 1918:

I concur with the views of Judge FERGUSON in the opinion he has filed in this case, but, as stated in an opinion this day filed by me in the case of Union Traction Co. v. Phila. Rapid Transit Co., C. P. No. 3, June Term, 1918, No. 3158, I think the first clause of the covenant is sufficiently broad to cover the case without consideration of the other clauses. [See 27 Pa. Dist. R. 977.]

Defendant appealed.


*Error assigned* was the judgment of the court.


*Ellis Ames Ballard* and *Abraham M. Beitler,* with them *Edward Hopkinson, Jr.,* for appellant.


*Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* for Phila. City Passenger Ry. Co., Thirteenth and Fif-

teenth Streets Passenger Ry. Co. of Phila., Germantown Passenger Ry. Co., and Hestonville, Mantua & Fairmount Passenger R. R. Co., appellees.

*Owen J. Roberts,* for Ridge Avenue Passenger Ry. Co., appellee.

*Henry P. Brown,* with him *John J. Sullivan,* for the Frankford and Southwark Phila. City Passenger R. R. Co., appellee.

*Joseph Gilfillan,* of *Graham & Gilfillan,* with him *John J. Sullivan,* for Union Traction Co. of Philadelphia, appellee.

*George Wharton Pepper,* for Philadelphia Traction Co., appellee.

*Dimner Beeber,* for The Citizens Passenger Ry. Co. of Philadelphia, appellee.

PER CURIAM, February 17, 1919:

These nine appeals were argued together, with but a single question involved, common to all of them, and each judgment is affirmed on the opinion of the learned court below in the case of Ridge Avenue Passenger Railway Company v. Phila. Rapid Transit Company.