# Sharon Railway Co., Appellant, *v.* Erie Railroad Co.

*Railroads—Lease—Payment of taxes by lessee—Taxation—Federal income tax.*

A provision in a railroad lease requiring the lessee to pay all taxes, duties and assessments upon the demised premises, upon receipts from transportation, upon the business of the demised railroad, and upon the bonds and capital stock of the lessor, does not apply to the federal income tax levied upon the annual rental received by the lessor under the lease.

Catawissa R. R. Co. v. Phila. & Reading Ry. Co., 255 Pa. 269, followed.

Argued September 30, 1920.  Appeal, No. 137, Oct. T., 1920, by plaintiff, from order of C. P. Mercer Co., Oct. T., 1918, No. 127, entering judgment for defendant on question of law raised by the affidavit of defense, in case of Sharon Ry. Co. v. Erie R. R. Co.  Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ.  Affirmed.

Assumpsit on lease.  Before McLaughry, P. J.

The question of law involved was raised by the statement of claim and affidavit of defense.  Plaintiff claimed to recover the amount of a federal income tax upon rentals received from the defendant, which it had been required to pay under the Act of Congress of October 3, 1917.

A lease from the Sharon Railway Co. to the Nypano Railroad Co., assigned to the Erie Railroad Co., contained the following provisions:

"It is the intention hereof that the rent to be paid under this lease shall be sufficient, and only sufficient, to pay the annual interest on the bonds and dividends of six (6%) per centum per annum on the capital stock of the lessor now issued and outstanding and hereafter issued and outstanding under the provisions of this lease

or any agreement supplementary to or amendatory hereof, and to provide for the payment of the current expenses of the lessor, including the expenses of keeping up its corporate organization.

"The lessee shall pay all taxes, duties and assessments, of every name and nature, that may accrue or be assessed, charged or levied upon said demised premises or any part thereof, and upon the receipts for transportation of persons and property on said demised railroads, and upon the business of said demised railroads, so long as this lease shall continue, by the state or national government, or by municipal or other competent authority; and shall also pay all taxes assessed or charged to the lessor, during the continuance of this lease, by the State of Pennsylvania or the national government, upon the bonds of the lessor and the interest paid thereon and upon the capital stock of the lessor and the dividends paid thereon, provided that the amount of said bonds and stock shall not exceed the limits herein stipulated nor be issued at prices lower than those herein stipulated."

The court entered judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting it,

*J. P. Whitla*, for appellant.

*Q. A. Gordon*, for appellee.

PER CURIAM, December 31, 1920:
This case is clearly ruled by Catawissa Railroad Company v. Philadelphia & Reading Railway Company, 255 Pa. 269. The tax which the appellant would have the appellee pay is not included in the "taxes, duties and assessments" which its predecessor in title covenanted to pay, and the judgment entered for the defendant on the question of law raised by the statement of claim and affidavit of defense is affirmed.