The Philadelphia Saving Fund Society, Appellant, *v.* The Lehigh Coal and Navigation Company.

Argued March 22, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Charles J. Biddle,* for appellant.

*Charles E. Kenworthey,* with him *Robert M. Blair-Smith, Wm. A. Schnader, John E. Mulder* and *Schnader, Kenworthey, Segal & Lewis,* for appellee.

OPINION BY RHODES, P. J., July 23, 1948:

This is an appeal by plaintiff from a judgment entered for defendant by the court below after sustaining defendant's demurrer to plaintiff's complaint. Plaintiff is a mutual savings institution and the holder of certain sinking fund mortgage bonds issued by defendant. Plaintiff instituted this action in assumpsit to recover taxes paid by plaintiff, which plaintiff alleged were covered by a tax reimbursement clause in the bonds and the mortgage indenture.

The facts are undisputed. Between October 30, 1945, and February 2, 1946, plaintiff purchased 3½ per cent sinking fund mortgage bonds, which had been issued by defendant, in the principal amount of $1,000,-000. During the year 1946, plaintiff received interest on the bonds, the interest coupons being payable semi-

annually, in the sum of $35,000. Each of the bonds so acquired by plaintiff contained the following clause with respect to the refunding of taxes:

"Such payments of principal and interest shall be made without deduction for, and the Company hereby agrees to pay, any taxes (except succession or inheritance taxes) which the Company or the Trustee under the Indenture below mentioned may be required to pay thereon, or may be required or permitted to deduct or retain therefrom, under any present or future law of the Commonwealth of Pennsylvania, up to but not exceeding $4 per annum in respect of each $1,000 principal amount hereof. Subject to the aforesaid maximum of $4 per annum per $1,000 Bond, and upon the conditions and to the extent specified in said Indenture, the Company agrees to refund to each holder of Bonds of this Series the amount of certain Pennsylvania taxes paid by such holder as a resident of said Commonwealth by reason of the ownership of such Bonds or receipt of income derived therefrom."

The mortgage indenture under which the issue of bonds was secured contained a similar clause which reads as follows:

"Section 7.18. Reimbursement or Payment of Certain Taxes. (1) The Company will, subject to the provisions of this Section, reimburse to any Bondholder resident in the Commonwealth of Pennsylvania, the amount of any tax or taxes (except succession or inheritance taxes) legally imposed by or under authority of said Commonwealth upon such Bondholder and paid by him by reason of his ownership of any of the Bonds or the receipt by him of income derived therefrom, but not exceeding $4 for each calendar year in respect of each $1,000 principal amount of Bonds. . . . "

As a mutual savings institution without capital stock, plaintiff was subject to a tax of 3 per cent on its net earnings or income, in accordance with the

provisions of the Act of June 1, 1889, P. L. 420, §27, as amended by the Act of April 25, 1929, P. L. 668, and further amended by the Act of May 23, 1945, P. L. 910, 72 PS §2241. Plaintiff's report to the Department of Revenue for the year which ended December 31, 1946, showed a gross income for 1946 of $18,623,070.49, less expenses and losses of $17,725,176.92, making a net income of $897,893.57 upon which a tax at 3 per cent amounted to $26,936.81, which sum was duly paid to the Commonwealth. The portion of the total tax paid by plaintiff by reason of the receipt of income during 1946 in the amount of $35,000 upon the bonds issued by defendant and owned by plaintiff, after deducting therefrom a proportionate share of the expenses and losses, was the sum of $74.64. A demand for reimbursement was admitted to have been made in compliance with the conditions of the bonds and the mortgage indenture. Plaintiff claimed from defendant this amount with interest.

The court below entered judgment for defendant on the ground that the tax for which plaintiff seeks reimbursement is in the nature of a franchise tax imposed upon plaintiff by reason of its doing business as a mutual savings society and not a tax imposed by reason of plaintiff's receipt of income from the bonds. Upon the entry of final judgment, plaintiff appealed to this Court.

The question presented is one of law, and its determination depends upon our interpretation of the tax reimbursement clause. A tax reimbursement clause in a bond, like any other contract, must be construed with a view to ascertaining the intention of the parties, as gathered from the language used, the subject matter, and attendant circumstances. *Central-Penn National Bank v. Firestone Tire and Rubber Co.*, 154 Pa. Superior Ct. 70, 72, 35 A. 2d 794 (allocatur refused, 154 Pa. Superior Ct. xxiii).

The express purpose of the clause in the bonds and indenture is to provide for the reimbursement "to any Bondholder . . . [of] the amount of any tax or taxes (except succession or inheritance taxes) legally imposed by or under authority of said Commonwealth upon such Bondholder and paid by him by reason of his ownership of any of the Bonds or the receipt by him of income derived therefrom."

It is a recognized principle that a covenant transferring tax liability from the party normally liable will be strictly construed. This rule has been applied to covenants by a lessee to pay taxes of the lessor where the subject matter of the lease is an entire business. *Northern Liberties Gas Co. v. United Gas Improvement Co. et al.*, 348 Pa. 433, 434, 438, and cases there cited, p. 440, 35 A. 2d 284. In the *Northern Liberties* case, the Northern Liberties Gas Company leased all its gas manufacturing and distributing plant to the United Gas Improvement Company, the latter covenanting to pay "all taxes and assessments in the nature thereof, whether federal, state, or municipal, of whatsoever kind or nature which may at any time hereafter be imposed upon said property, and also all taxes which the said Northern Liberties Gas Company may be compelled to pay at any time hereafter during the continuance of this contract upon its capital stock or business of any kind or in any manner. . . ." (Page 436 of 348 Pa., page 286 of 35 A. 2d.) The Supreme Court held this clause was not specific enough to include income tax liability of Northern Liberties, although United Gas had in fact paid these taxes of Northern Liberties for some years. In distinguishing cases of lease agreements where the tax clause was more specific, the Supreme Court stated (page 440 of 348 Pa., page 288 of 35 A. 2d) : "On the other hand, in North Pennsylvania R. R. v. Phila. & Reading Ry., 249 Pa. 326, 95 A. 100, and in Phila., Germantown & Norristown R. R. v. Phila. & Reading Ry. Co., 265 Pa. 325,

108 A. 528, where the lessee had agreed to pay taxes on the yearly payments to the lessor, it was held that the liability had been sufficiently stated; so, too, in Phila. City Passenger Ry. v. Phila. Rapid Transit Co., 263 Pa. 561, 107 A. 329, the words included the tax on lessor's 'earnings . . . or profits,' and were held to show the lessee's obligation to pay the income tax."

Appellant endeavors to avoid the rule of strict construction of clauses transferring tax liability recognized in the *Northern Liberties* case. It is argued that the provision in the bonds should be construed in favor of the obligee, since bonds, like insurance policies, are prepared by the party issuing them. Whether we adopt a strict or liberal construction of the tax reimbursement clause involved in the present case, it cannot be said that the tax sought to be recouped is covered therein, or that it was within the reasonable contemplation of the parties, that is, appellee which issued the bonds or appellant as one of the investing public which purchased such bonds.

The tax under the Act of 1889, as amended, 72 PS §2241, and similar taxes [1] have been denominated franchise taxes which are assessed for the privilege of doing business within the Commonwealth. *Philadelphia Contributionship for Insurance, etc., v. Commonwealth,* 98 Pa. 48; *Commonwealth v. New York, Lake Erie & Western R. Co.,* 150 Pa. 234, 24 A. 609.

We conclude, after all contentions presented by appellant have been considered, that the tax which is the subject matter of this litigation, regardless of the name by which it may be designated, is not covered by the refund clause. The tax was not imposed upon appellant "by reason . . . of the receipt . . . of income

---

[1] The tax imposed by the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as amended, 72 PS §3420a et seq., is expressly designated an excise tax. This Act imposes a tax similar in substance to that here involved. However, section 2 thereof, 72 PS §3420b, expressly excepts savings institutions from its operation.

derived" from appellee's bonds. Rather the tax was imposed upon appellant for the privilege of doing business within the Commonwealth, and it was measured by the percentage of appellant's net income. Cf. *Com. v. Bayuk Cigars, Inc.*, 359 Pa. 202, 58 A. 2d 445.

The income from the bonds issued by appellee formed only a small proportion of either appellant's gross or net income. At most, the tax which appellant was obliged to pay on its net income bears an extremely indirect relationship to the receipt of income from the bonds. This fact is obvious; the proportion of the tax paid by appellant by reason of a $35,000 gross income from these bonds was only $74.64. We do not believe, from the language used, that the pro rata share of the tax which appellant seeks to recover from appellee was reasonably within the contemplation of the parties to the reimbursement covenants in the bonds and mortgage indenture.

Judgment of the court below is affirmed.