Thomas C. Dennehy and Virginie Dennehy, Appellants,
v. Frederick R. Barnheisel, Appellee.

Gen. No. 24,943.

LANDLORD AND TENANT, § 274*—*when tenant who covenants to pay
taxes need not pay income tax.* Under a covenant in a lease, exe-
cuted at the time a federal income tax was in force, which provides
that the lessee is to pay, in addition to the rent "income tax (should
there ever be any levied), * * * which may be levied, charged
or imposed upon said premises," and requires the lessee to pay all
taxes and assessments before any application for judgment is made
in any court to collect the same, and provides also that the land-
lord may pay all taxes and assessments "charged upon the demised
premises," which shall be so much additional rent, the lessee cannot
be required to reimburse the landlord for income tax paid by the
landlord on the rental derived from the premises, where the federal
act under which the tax was imposed does not make it a charge
against the premises but a personal liability against the person
receiving the income, but such provision in the lease would be
effective against the lessee were the income tax made by the act a
charge upon the premises.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J.
KEARNS, Judge, presiding. Heard in the Branch Appellate Court at
the March term, 1919. Affirmed. Opinion filed April 21, 1920.

ISADORE S. BLUMENTHAL, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

Plaintiffs brought suit against defendant to recover
ground rent, income tax, and attorney's fees, which
they claim to be due them under the terms of a lease,
by which they leased certain premises to defendant.
Defendant admitted that he owed the ground rent and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

tendered it. The case was tried before the court without a jury and there was a judgment in favor of plaintiffs for the amount defendant admitted was due, and a finding and judgment against plaintiffs as to the balance of their claim, to reverse which plaintiffs prosecute this appeal.

The facts, shortly, are these: October 31, 1916, plaintiffs, by a written lease demised to defendant certain premises in Chicago for a term ending March 31, 2011. The lease, after requiring the payment by the tenant of a specified annual rental, provides: "The lessee further covenants and agrees to pay, in addition to the rents herein reserved, all taxes, assessments, income tax (should there ever be any levied), sanitary district or drainage taxes, water rates, and all other impositions and charges, general and special, which may be levied, charged or imposed upon said premises, or any part thereof, * * * which taxes, assessments, water rates and other impositions shall be paid by the lessee in the name of the lessor before any application for judgment in any court to collect the same, is made, and the receipts for such payments *. * * before the first day of the tax sale for the year in which such taxes are payable, shall be delivered by the lessee to the lessor * * *.

"The lessor shall at their option have the right without application, to inquire into the validity thereof, at all times during the said demised term, to pay any rates, taxes, assessments, water rates or other charges upon said demised premises * * * remaining unpaid after the same shall have become due and payable." The lease further provides that any such payments made by the lessors shall be so much additional rent.

The question to be determined is whether defendant under the provisions of the lease just quoted was required to reimburse plaintiffs for income tax paid by them on the rents derived from the premises. We

think it clear that the question must be answered in the negative. The covenant in question expressly provides that the lessee in addition to the rent is to pay "income tax (should there ever be any levied)  *  *  * which may be levied, charged or imposed upon said premises." At the time of the execution of the lease there was in force a national law of the same character as the present income tax law and if it was intended, as plaintiffs now contend, that the tenant should pay all income taxes, why insert the words "should there ever be any levied"? If it were the intention to require the tenant to pay all income taxes which plaintiffs were compelled to pay by reason of the rent derived from this property, it would have been a simple matter to have stated so in plain language. The income tax which plaintiffs are seeking to recover is not "levied, charged or imposed upon said premises." It is a personal liability against the person receiving the income. That the tenant is not required, under the lease, to pay the income tax in question is further shown by the fact that the lease requires him to pay all taxes and assessments before any application for judgment is made in any court to collect the same, and from the further fact that the landlord may pay all taxes and assessments "charged upon the demised premises," which shall be so much additional rent.

We have examined all the authorities cited in the briefs, and a discussion of them would serve no useful purpose. The provisions of no two leases are the same, and each case must be decided upon the particular wording of the lease under consideration. We mention, however, the two leading cases: *Suter v. Jordan Marsh Co.*, 225 Mass. 34, principally relied upon by plaintiffs, and *Codman v. American Piano Co.*, 229 Mass. 285, relied upon by defendant. In the *Suter* case the covenant of the lease, besides requiring the payment of an annual rent, water taxes, and other

rates, provides that the lessee "will also pay in addition in each year whenever the same are due and payable, and before any interest or penalty accrues thereon, all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect of the said leased premises, or any part thereof, or upon or in respect of the rent payable hereunder by the lessee, howsoever and to whomsoever assessed." Under this provision the tenant was held liable for the landlord's income tax. In the *Codman* case the provision was: "And the lessee further covenants and agrees with the lessors to pay punctually within fourteen (14) days from the times when they become due and payable, all taxes and assessments whatsoever, which may be payable for or in respect of the leased premises during the term thereof, except assessments for betterments hereinafter arranged for." It was there held that this provision did not require the tenant to pay any income taxes. The court there discussed the *Suter* case and in reference to the covenant of the lease quoted from that case said (p. 288):

"It is to be noted that the covenant required the lessee to pay the taxes not only for or in respect to the premises leased, but also 'upon or in respect of the rent payable' under the lease. Accordingly it was said by this court that 'by the terms of the lease, the defendant has obligated itself to pay "all taxes and assessments * * * upon or in respect of the rent * * * howsoever and to whomsoever assessed." The setting forth of the defense shows that it cannot prevail.' In other words, the agreement of the parties as expressed in the lease is to govern and control their respective rights in view of the language employed.

"In the case at bar the covenant in the lease contains no agreement that the lessee will pay taxes assessed upon or in respect of rent payable under the

lease, and is so clearly distinguishable from the case of *Suter v. Jordan Marsh Co., supra."*

We think it clear that the provisions of the lease did not require the tenant to pay the income tax sought to be recovered in this case. If, in the future, however, the Congress should enact legislation which would impose any income tax upon the property in question, then the provision in the lease would become effective.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

Thomson, P. J. and Taylor, J., concur.