## Adelaide B. Young, Appellant, v. Illinois Athletic Club, Appellee.

### Gen. No. 27,562.

1. LANDLORD AND TENANT—*lessee's covenant to pay taxes as including income tax and surtax on rentals.* A lessee is not required to pay the landlord's income tax and surtax on his annual rentals from the demised premises by a covenant in the lease requiring the lessee to pay, in the name of the lessor, as additional rent, "all taxes, assessments, and municipal or governmental charges, general and special, ordinary and extraordinary, of every nature and kind whatsoever, which may be * * * levied, imposed or assessed upon any interest of the lessor in or under this lease" or which the lessor "shall be required to pay by reason of or on account of his interest" in the demised premises, and such covenant requires payment only of taxes levied against the real estate and not the income thereof.

2. LANDLORD AND TENANT—*when party's practical construction of tax covenant in lease not controlling.* A tenant which has, for several years of the term, construed a tax covenant in the lease as requiring to pay the landlord's income tax and surtax on the annual rentals is not thereby precluded from raising the question of its liability for the payment of such taxes in an action by the landlord to recover from the tenant such taxes paid by the landlord upon the tenant's refusal to make further payments, where the tax covenant is clear and free from ambiguity.

TAYLOR, J., dissenting.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed April 11, 1923.

HAIGHT, ADCOCK, HAIGHT & HARRIS, for appellant; EDMUND D. ADCOCK, of counsel.

JOHN F. VOIGT and SIMS, WELCH, GODMAN & DE YOUNG, for appellee; JOHN F. VOIGT, ELWOOD G. GODMAN and FRANK NIEDNER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover additional rental for the years 1919 and 1920 aggregating $3,097.52, claimed to be due her because she was required to pay that amount as a federal income tax and surtax on account of the rents which she had received from the defendant. On motion of the defendant the court struck plaintiff's statement of claim on the ground that it did not state a cause of action. Plaintiff having elected to stand by her statement of claim, the suit was dismissed at her costs and she prosecutes this appeal.

The record discloses that on February 1, 1905, Caryl Young, by written lease, demised a certain piece of real estate in the City of Chicago to the defendant for a period of 99 years, beginning July 1, 1905, and ending June 30, 2004, at an annual rental of $25,000. In addition to this rent, the lease further provided: "Fourth: Lessee further covenants and agrees with the lessor, to pay in the name of the lessor, as additional rent for the real estate hereby demised, when due, all water taxes, and all taxes, assessments, and municipal or governmental charges, general and special, ordinary and extraordinary, of every nature and kind whatsoever, which may be (a) levied, imposed or assessed upon the real estate hereby demised, or upon any improvements thereon at any time after the date of this lease and prior to the first (1st) day of July, A. D. 2004, or (b) levied, imposed or assessed upon any interest of the lessor in or under this lease, or (c) which the lessor shall be required to pay by reason of or on account of his interest in the real estate hereby demised and the improvements on said real estate. Every such tax, assessment and charge shall in any event be paid in time to prevent the addition of any interest or penalty thereto. Original and duplicate official receipts for every such tax, assessment or charge, shall be delivered to lessor within thirty days after the payment thereof."

After the execution of the lease plaintiff became the owner of an undivided one-third interest in the real estate demised. For the years 1913, 1914, 1915 and 1916 an internal revenue tax was assessed on plaintiff's interest and collected by the United States Government at its source—from defendant. For the years 1917 and 1918 the defendant paid the plaintiff the amount of internal revenue tax levied against her income on account of the rental she received from the property in question. Afterwards the defendant having been advised that it was not liable under the lease for any income or surtax, it refused to pay any such taxes and this suit followed.

Plaintiff contends that under clauses (b) and (c) of the paragraph above quoted the defendant is obligated to pay the income and surtax levied by the federal government on the revenue plaintiff derives from the property as additional rent. The question, therefore, to be determined is the proper construction of these two clauses. In support of her contention plaintiff argues that by the terms of the lease the tenant is obligated to pay as additional rent all taxes and assessments, general, special, ordinary and extraordinary of every nature and kind whatsoever, "(b) levied, imposed or assessed upon any interest of the lessor in or under this lease" and that this provision is the same in effect as if it read "levied, imposed or assessed upon the rental of lessor in or under said lease." And the further argument is made that to cover any and all contingencies clause (c) was inserted which clause provides that the defendant shall pay all taxes and assessments of every kind and character "(c) which the lessor shall be required to pay by reason of or on account of his interest in the real estate hereby demised, and the improvements on said real estate," and that plaintiff having been required to pay federal income and surtax on account of her interest in the real estate in question, under the terms

of the lease the defendant is liable for such taxes. In support of this the following and other cases are cited: *Philadelphia City Passenger Ry. Co. v. Philadelphia Rapid Transit Co.*, 263 Pa. 561; *North Pennsylvania R. Co. v. Philadelphia & R. Ry. Co.*, 249 Pa. 326; *Catawissa R. Co. v. Philadelphia & R. R. Co.*, 255 Pa. 269; *Suter v. Jordan Marsh Co.*, 225 Mass. 34; *Woodruff v. Oswego Starch Factory*, 177 N. Y. 23, and *Pollock v. Farmers' Loan & Trust Co.*, 157 U. S. 427.

In the case first cited the tenant was held liable to pay as additional rent the federal income and war excess profit tax under a covenant of the lease which required the defendant to "pay all taxes, charges and assessments now or hereafter lawfully imposed upon Ridge avenue (the plaintiff) or for which Ridge avenue would otherwise in any wise be liable or chargeable on account of its * * * earnings * * * or profits."

In the *North Pennsylvania R. Co.* case, the lease required the tenant to pay "all taxes and assessments * * * upon the yearly payments" paid by the tenant to the landlord. In each of these cases it was held that the landlord having paid a federal income tax upon the income received under the lease might recover the amount so paid from the tenant.

In the *Catawissa R. Co.* case, suit was brought by the lessor to recover the amount of federal income tax paid upon rentals received under the lease. The covenant upon which the suit was predicated provided that the tenant should pay all taxes, charges and assessments imposed on the demised premises "or any part thereof, or on the business there carried on, or on the receipts, gross or net, derived therefrom, or upon the said several issues of bonds, or the interest thereon, or upon the capital stock of the Catawissa Company or the dividends thereon, or upon the franchises of the said company, for the payment or collection of any of which said taxes the Catawissa Company may

otherwise be or become liable or accountable under any lawful authority whatever." But the Supreme Court of Pennsylvania held the tenant not liable, and said (p. 271): "The lease provides specifically what taxes it is to pay, and '*expressio unius est exclusio alterius.*' The income tax was not imposed by the government upon 'the demised premises or any part thereof,' nor 'on the business there carried on,' nor 'on the receipts, gross or net, derived therefrom,' nor upon the 'issues of bonds or the interest thereon,' nor 'upon the capital stock of the Catawissa Company, or the dividends thereon,' nor 'upon the franchises of the said company.' It was imposed upon rental received by the lessor from the lessee; but what is to be found in the lease from which it is to be inferred that the intention of the parties to it was that the lessee was to pay any taxes that might be assessed on what it paid as rent? In *North Pennsylvania R. Co. v. Philadelphia & R. Ry. Co.*, 249 Pa. 326, relied upon by learned counsel for appellee * * * the express covenant in the lease was that the lessee was to pay 'all taxes * * * upon the yearly payments herein agreed to be made by the party of the second part to the party of the first part.' "

In the *Suter* case the lessee agreed to pay "all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect of the said leased premises, or any part thereof, or upon or in respect of the rent payable hereunder by the lessee, howsoever and to whomsoever assessed." It was held that this obligated the lessee to pay the federal income tax imposed upon the rent received by the lessor.

In the *Woodruff* case a certain tax was levied upon the rental, and it was claimed by the landlord that the lessee should pay such tax by virtue of a covenant in the lease which provided that the lessee should pay "all taxes, charges and assessments, ordinary and extraordinary, which shall be taxed, charged, imposed

or assessed on the hereby demised premises and privileges, or any part thereof, or on the said parties of the first part, their heirs and assigns, in respect thereof.'' The court there referred to certain statutory provisions of that State, and held that the tenant was not liable.

In the *Pollock* case the Supreme Court of the United States was considering the question whether under the constitution, prior to the sixteenth amendment, a tax upon rent or income was a direct tax. The court said: ''An annual tax upon the annual value or annual user of real estate appears to us the same in substance as an annual tax upon the real estate which would be paid out of the rent or income.''

From this language, plaintiff's position seems to be that the tax in question should be considered as a tax upon her interest in the real estate; that it might also properly be considered a tax upon the rental, and if so, of course, the tenant would be liable. We think none of the cases cited are in point. The provisions of the leases in each of them, except the *Pollock* case, which involved no lease at all, required the tenant to pay as additional rent any taxes levied or imposed upon the rental received by the landlord, while in the case at bar the provisions of the lease do not require the tenant to pay an additional rent on account of any tax assessed against the monthly rental. It only required the defendant to pay such taxes as are ''levied, imposed or assessed upon any interest of the lessor in or under this lease, or (c) which the lessor shall be required to pay by reason or on account of his interest in the real estate hereby demised and the improvements on said real estate.'' We think this language does not impose an obligation on the defendant to pay the taxes sought to be recovered by the plaintiff in this case.

In the case of *Northern Trust Co. v. Buck & Rayner,* 263 Ill. 222, where it was sought to enforce payment

by the tenant of a State inheritance tax which the landlord was there required to pay, where the provisions of the lease were almost identical with those in the instant case, it was held that the action would not lie, and while that case involved a State inheritance tax which is essentially different from an income tax, yet we think the language there used might properly in some respects be applied to this case. The provision of the lease was as follows: "Second. The lessees covenant to pay in the name of the lessor, as additional rent   *   *   *   all water rates and all taxes, assessments and municipal or governmental charges, general and special, ordinary and extraordinary, of every nature and kind whatsoever, which may after April 30, A. D. 1905, during the life of this lease, become payable, (a) levied, imposed or assessed upon any land hereby demised or upon any improvements at any time during the life of this lease situated upon said land; or (b) levied, imposed or assessed upon any interest of the lessor in or under this lease; or (c) which the lessor shall be required to pay by reason of or on account of his interest in said land and improvements or in or under this lease." In discussing clause (c) the court said (p. 228), this clause "seems to have been inserted, not for the purpose of introducing any new or additional liability, but to qualify and explain clauses (a) and (b). A tax or an assessment might be 'levied, imposed or assessed' upon the property which for some reason might be illegal and so adjudged upon exceptions or objections filed to the same. Manifestly it was not in contemplation of the parties that the lessee should pay, indiscriminately, every charge or tax 'levied, imposed or assessed' upon the premises, but only such of these charges as the property was, in fact, liable for." And continuing, the court said (p. 231): "If we read paragraph 2 of the lease it seems to be clear that the covenants therein imposed on the lessees referred to taxes, charges and

assessments which might be imposed upon the property itself, and would exclude the idea that the lessees were bound to pay inheritance taxes, which, as we have seen, is a thing wholly apart from the property itself. Again, we think that this view is strengthened by the circumstances that there is an absence of any express words in the lease which directly, in terms, refer to inheritance taxes. When the well-chosen terms · in which the parties sought to express their agreement in this lease are considered, it is strange, if it had been the intention to cover the payment of inheritance taxes and to impose that burden upon appellee, that a matter of such importance should be left to a mere inference from doubtful and ambiguous language.''

The language just quoted is applicable to the instant case. If it had been intended by the parties that the tenant be required to pay a possible income tax in addition to the rent, it is strange that the proper words were not used to express such intention, but that the matter was left to mere inference from doubtful and ambiguous language. The highest court of Massachusetts in a very able opinion rendered in the case of *Codman v. American Piano Co.*, 229 Mass. 285, held that the tenant was not liable for income taxes paid by the lessor where the covenant of the lease required the tenant to pay ''all taxes and assessments whatsoever which may be payable for or in respect of the leased premises during the term thereof.'' In disposing of the question the court there said that the question depended upon the construction of the phrase ''for or in respect of the leased premises'' and it was there said (p. 290) : ''We cannot construe the phrase in question as including within its terms a tax assessed by the federal government to the lessor upon the rents reserved under the lease. Such an assessment is upon an entirely distinct kind of property than is the assessment upon the real estate. While under the federal income tax law, a tax on rent is a tax on land,

and so a direct tax, yet a tax on land is not a tax on rent; the defendant did not covenant to pay taxes for or in respect of the rent; his undertaking is to pay the taxes for or in respect of the premises. The covenant obligated the lessee to pay the taxes upon the real estate but not upon the income in the form of rent which arose therefrom.

"In construing the covenant, it is plain that taxation upon real estate means one thing, and taxation upon income means another."

In that case the court points out the modification of the opinion rendered by the Supreme Court in the *Pollock* case upon a rehearing, where the Supreme Court said that their consideration was of the validity of a tax on income from real estate, the question being whether it was a direct tax. In the instant case the covenant of the lease required the tenant to pay taxes levied against the real estate, but not against the income which arose therefrom. Other cases which sustain this view are *Des Moines Union Ry. Co. v. Chicago Great Western Ry. Co.*, 188 Iowa 1019; *Woodruff v. Oswego Starch Factory*, 70 N. Y. App. Div. 481, aff'g 177 N. Y. 23; *Dennehy v. Barnheisel*, 218 Ill. App. 91.

Nor do we think that the defendant is precluded from raising the question of its liability to pay the taxes in suit on account of its payment of such taxes under the lease for prior years. The rule that courts in construing a contract will look to the interpretation placed upon it by the parties only applies where the contract is ambiguous. *Finch v. Theiss*, 267 Ill. 65. And as was said by Judge Lurton in the case of *Russell v. Young*, 94 Fed. 45: "To give effect to a written agreement according to an erroneous construction placed upon it by the parties would not be to construe, interpret and enforce the written agreement upon which the action is brought, but to enforce a new and different contract."

Upon a consideration of the provisions of the lease

in question, under the authorities, we are of the opinion that the defendant was not liable for the additional rent sought to be recovered, and the judgment of the municipal court of Chicago is, therefore, affirmed.

*Affirmed.*

THOMSON, P. J., concurs.
TAYLOR, J., dissents.