BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1923.

---

## ADELE G. RIESENBERG, Appellant, v. PRIMARY REALTY COMPANY, Respondent.

St. Louis Court of Appeals. Opinion Filed November 6, 1923.

1. **LANDLORD AND TENANT: Leases: Covenants: Ambiguous Tax Covenant: Construed Most Favorable to Lessee.** In construing the language of a tax covenant in a lease, since the lessor is the sole beneficiary of the tax covenant, under the recognized rule of construction, if there is more than one meaning permissible, that most favorable to the lessee must prevail.

2. **———: ———: ———: Federal and State Income Tax Law: Construction: Tax "Payable on Account of Rent" Reserved: Personal Tax of Lessor.** In an action by a lessor against a lessee seeking to recover from the lessee under certain covenants of the lease, a portion of income taxes paid by the lessor, a tax covenant in the lease containing a clause whereby the lessee agreed to pay income taxes payable by lessor "on account of rent" reserved, construed as well as Federal and State income tax laws, and *held* that the tax in question is a personal tax of the lessor arising out of her possession of a general net income, irrespective of the source, in excess of specific allowances and exemptions, and that the income taxes intended to be covered by the tax covenants herein provided are only such as are directed specifically against the rent reserved as such, or in respect of or on account of such reserved rent, and that the income taxes here sought to be recovered by plaintiff of the defendant cannot be held to have been within the intention of the parties hereto when they agreed upon the tax covenants in the lease.

(43)

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. John W. Calhoun,* Judge.

AFFIRMED.

*Leonard, Sibley & McRoberts* for appellant.

*Shepard Barclay* of Counsel.

(1)   Where the intent of a lease is to secure the
rent reserved to the landlord, "free from all charges,"
for income or other taxes, the court should give effect to
that intent. Following authorities specially apply that
principle: Suter v. Jordan Marsh Co., 225 Mass. 34;
Phila. City Ry. Co. v. Transit Co., 263 Pa. 561; Kimball v.
Cotting, 229 Mass. 541; Van Beil v. Brogan, 65 Pa. Sup.
Ct. 384, 262 Pa. 363; R. R. Co. v. Phila. Co., 249 Pa. 326.
(2)   In the interpretation of all private contracts, the
intent of the parties as expressed therein, is the best
guide to its meaning   This rule is elemental. (3)   The
language of the covenants in this lease, as to income and
other taxes, is at variance with the decision of the trial
court thereon; and its judgment should be reversed.
(4)   The covenant as to payment of income taxes
by the lessee is one which runs with the land.   This rule
too is elemental in Missouri.   (5)   Apart entirely from
the nature of the covenant as to paying income taxes,
that covenant is binding on the present lessee, by the
terms of the lease itself.

*Bryan, Williams & Cave* for respondent.

(1)   (a)   Product or income is a thing separate
and distinct from the property from which the product
or income is derived.   Wire Co. v. Wollbrinck, 275 Mo.
339; State ex rel. Moon v. Wisconsin Tax Commission,
166 Wisc. 287; Waring v. Mayor, 60 Ga. 93; Opinion of
Justices, 77 N. H. 611.   (b)   A covenant of a lessee to pay
taxes on land leased to him is not a covenant to pay the

lessors income taxes. Park Building Co. v. Yost Fur. Co., 208 Mich. 349; Des Moines Union Ry. Co. v. Chicago & Great Western, 188 Iowa, 1019; Catawissa Ry. Co. v. Phila. & Reading R. R. Co., 255 Pa. 269; Van Rensselaer v. Dennison, 8 Barb. 23; Woodruff v. Oswego Starch Factory, 74 N. Y. S. 961 (affirmed 177 N. Y. 23); Codman v. American Piano Co., 229 Mass. 285; Wire Co. v. Wollbrinck, 275 Mo. 339; Waring v. Mayor, 60 Ga. 93. (2) The covenant in the lease expressly excludes any agreement that lessee shall pay any income taxes payable by the lessor except such income tax as would be payable on account of the rent reserved therein. (3) The taxes paid by the appellant were all taxes levied against the person of the appellant, and were purely personal taxes—taxes *in personam*. They were not levied upon any property or *res*. It was appellant as a person who was taxed. The burden was laid upon her as the recipient of an income, not upon the rent, nor was it laid upon the act of the lessor in leasing the property, nor upon the act of receiving the rent. The amount of these taxes was measured by the net income of appellant from all sources, and that net income was determined by the balance of a mutual account between appellant and the Government, and that account was made up of a number of items on each side. The nature and amounts of those items were entirely dependent on matters purely personal to the appellant. Peck v. Lowe, 247 U. S. 165; U. S. Glue Co. v. Oak Creek, 247 U. S. 321; State ex rel. Moon v. Wisconsin Tax Commission, 166 Wisc. 287; Urquhart v. Marion Hotel Co., 128 Ark. 283. (4) A tax on a person or corporation measured by his (or its) net income is different and distinct from a tax upon the gross income of such person or corporation, and is different and distinct from a tax on any item of such gross income. U. S. Glue Co. v. Oak Creek, 247 U. S. 321; Crew Levick Co. v. Pennsylvania, 245 U. S. 292; State ex rel. Moon v. Wisconsin Tax Commission, 166 Wisc. 287; Des Moines Union Ry. Co. v. Chicago Great Western Ry. Co., 188

Iowa, 1019; Catawissa Ry. Co. v. Philadelphia & Reading Ry. Co., 255 Pa. 269; Van Rensselaer v. Dennison, 8 Barb. 223; Woodruff v. Oswego Starch Factory, 74 N. Y. Supp. 961 (s. c. 177 N. Y. 23); Urquhart v. Marion Hotel Co., 128 Ark. 283, 194 S. W. 1. (5) If the meaning of the provisions of this lease is not clear, or is capable of two constructions, then the construction most favorable to the lessee must prevail. Park Building Co. v. Yost Fur. Co., 208 Mich. 349; See, also, Leake on Contracts, pp. 151 and 488. (6) Even if this were held to be a covenant to pay the personal taxes of H. R. Small, the original lessor, it is not a covenant to pay personal taxes of Small's vendee, or of any subsequent owner of the fee. Such a covenant is personal and does not run with the land and does not inure to the benefit of any vendee of the fee. Tiffany on Landlord and Tenant, p. 890, sec. 149; 15 C. J. 1240; Taylor, Landlord and Tenant (9 Ed.), sec. 263; 18 Halsbury on the Laws of England, p. 585; Keppell v. Bailey, 2 Mylne & Keen 517; Thruston v. Minke, 32 Md. 487; Hamilton on the Law of Covenants, p. 96; Gardner v. Samuels, 116 Cal. 84; Dickey v. Railway Co., 122 Mo. 223.

BECKER, J.—Plaintiff below, appellant here, is the owner of a lot of ground which is held by respondent company, defendant below, under a ninety-nine year lease. Plaintiff having paid taxes on her net income to the Federal government (for the years 1913 to 1918 inclusive) and to the State of Missouri for 1917, brought suit against the defendant company seeking to recover a portion of the taxes so paid by her, alleging that under certain covenants of the lease under which the defendant held said land, the defendant was obligated to pay such portion of the income taxes paid by plaintiff as had been paid by her on the income she derived from the rent reserved in said lease.

The defendant filed a general denial to each of the counts of plaintiff's petition. A trial of the cause re-

sulted in a judgment for the defendant and plaintiff appeals.

One Harold R. Small by his indenture of lease demised and let to the defendant herein a lot of ground for a term of ninety-nine years from and after March 1, 1906, at a yearly rental of $2200. Said Small on January 1, 1907 sold the said lot to Adele G. Riesenberg, appellant, plaintiff below.

The lease executed by Small as lessor provided that the lessee was to pay all taxes levied, assessed or required to be paid on account of said demised premises or any portion thereof. The covenant as to taxes also contains this provision: ". . . it being expressly agreed that nothing herein contained shall be construed so as to impose upon the lessee the duty of paying any collateral or direct inheritance tax which may be charged upon any inheritance derived from the lessor, or any income tax payable by lessor except such income tax as would be payable on account of the rent herein reserved."

"That if any such tax, impositions, levies, or assessments shall remain unpaid after becoming due and payable, even before they begin to bear interest, the lessor may pay the same and the lessee shall and will repay the same or cause the same to be repaid with interest thereon at the rate of eight per cent per annum from the time of the payment of the same until repayment thereon is made."

In a later passage of the lease we find this:

"The intention of this being that during the existence of this lease, the lessor herein shall be entitled to the rents hereinabove reserved free from all charges, and that said lessor shall be entitled to no other profits or income from said property."

On this appeal we are asked to determine whether or not under said tax covenants the defendant is obligated to pay plaintiff any portion of the income tax which she has paid on her net income.

The answer to this question calls for the construction of the tax clause of the lease, and the meaning of the language therein used, endeavoring, of course, to ascer-

tain and give effect to the real intent of the contracting parties.

At the time the lease was entered into there was no legal limitation on the freedom of contract with reference to the lessee assuming the payment of taxes, income or otherwise, that might be assessed against the property itself, or against the lessor by Federal or State authority. Though there had been taxes on income, rents, and profits previously imposed, and their general nature was fixed and well known, yet at the time the lease in question was entered into there was no Federal or State income tax law, so that that part of the tax covenant relating to the payment by the lessee of any income tax was at the time purely anticipatory. It was under these conditions and circumstances that the tax covenant was written into the lease in question.

At the outset it is manifest, in construing the language of the covenant in question, since the lessor is the sole beneficiary of the tax covenant, that under the recognized rule of construction, if there is more than one meaning permissible, that most favorable to the lessee must prevail. [Park Bldg. Co. v. Yost Fur. Co., 208 Mich. 349, l. c. 357-8.]

The present Federal income tax provides (as does also the Missouri State income tax) that there shall be levied, assessed, collected and paid annually upon the entire net income received in the previous calendar year from all sources by every individual, a tax of a certain per cent upon such income; and the law further provides that the net income of a *taxable person* shall include all income derived from the ownership of property.

It is urged by plaintiff that a tax on the net income of a landlord, which is in part derived from rents arising out of property demised, is a tax on the rent as such and therefore payable by the tenant under the covenant we have under consideration in the instant case. And furthermore that the intent of the lease was to secure the rent reserved to the landlord "free from all charges" for income or other taxes. In support of this contention we

Riesenberg v. Primary Realty Co.

are cited the following cases: Suter v. Jordan Marsh Co., 225 Mass. 34; Phila. City Ry. Co. v. Transit Co., 263 Pa. 561; Kimball v. Cotting, 229 Mass. 541; Van Beil v. Brogan, 64 Pa. Sup. Ct. 384, 262 Pa. 363; Railroad Co. v. Phila. Co., 249 Pa. 326; Railroad Co. v. Phila. & Reading Co., 265 Pa. 325.

The defendant, on the other hand, contends that a tax on the net income of a taxable person is an excise tax on him and in proportion to his net income or means of livelihood after deductions allowed shall have been made, and after the remainder shall have become available for his use and expenditure, and cannot be held to be a tax upon any one specific item of income as such.

Plaintiff contends that the United States Supreme Court in the case of Pollock v. Farmers' Loan & Trust Co., 158 U. S. 601, in holding that "taxes on real estate being indisputably direct taxes, taxes on the rents or incomes of real estate are equally direct taxes," in effect ruled that a tax on the income from property was equivalent to a tax on the property from which it was derived, and that, therefore, a tax on the net income of landlord which is in part derived from rents arising out of property demised, should be held to be a tax on such rents, and therefore be in effect an "income tax as would be payable on account of the rent" reserved.

The Pollock case as we read it decides no more than that the income tax (Act of Aug. 27, 1894) upon rents derived from property is a direct tax upon such property. The court in that case did not have under consideration, nor did it decide, that a tax upon the net income of a taxable person, after various deductions and exemptions allowed shall have been made, and after the remainder has become his own and available for his enjoyment, is such a direct tax. That a tax upon net incomes is not such a direct tax is sustained by abundant authority. [Knolton v. Moore, 178 U. S. 44; Flint v. Stone-Stacy, 220 U. S. 107, 1. c. 148; Peck v. Lowe, 247 U. S. 165, 1. c. 174, 175; Ludlow-Saylor Wire Co. v. Wollbrinck, Assessor, 275 Mo. 339, 205 S. W. 196.]

The Federal income tax, as does also the Missouri State income tax, in terms levies a tax upon the net income of a taxable person which is payable by him. The tax levied varies in proportion to the net amount of an income after certain deductions and allowances have been made. The deductions are allowed from the whole and not from any part of an income, nor can the exemptions be credited to any special item of income. The penalties provided for by law for failure to pay are personal and not *in rem*.

The rent reserved is not taxed as such nor can it be said that the lessor under the Federal income tax, or the Missouri State income tax, is required to pay an "income tax" . . . "payable on account of the rent" reserved. It is only after the rent (a) has become part of the lessor's gross income, and (b) thereafter, at a fixed date the net income of the lessor has been determined, and (c) certain exemptions and allowances ascertained and deducted therefrom, (d) that upon whatever income remains, if any, the tax is levied.

The tax in question is the personal tax of the lessor arising out of her possession of a net income in excess of her exemptions. Our Supreme Court in the Ludlow-Saylor Wire Co. case, supra, directly held that the Missouri State Income Tax of 1917 "is a tax upon the *owner* of an income . . ." and what was there ruled applies with equal force and effect to the present State income tax. In our view the income tax to which the covenant in question relates must be such as is directed specifically against the rent reserved as such or against the lessor in respect to or on account of such reserved rent.

Our examination of the authorities quoted by plaintiff discloses a significant difference between the language of the covenants interpreted in those cases and that which is involved in this case.

In the Suter case, supra, the lessee, in accordance with the requirements of the Federal Income Tax Law, 1913, 38 U. S. Statutes at Large, p. 170, which authorized and required lessees having the payment of rent of an-

other person, exceeding $3000 for any taxable year, to deduct and withhold the normal tax therefrom and pay same to the officer of the U. S. Government, authorized to receive same and which made such lessees personally liable for such tax, withheld the "normal income tax" on certain rentals due under the lease there in question and deducted the amount from the rent reserved in the lease; thereupon the lessor brought an action to recover the amount so withheld, paid, and deducted. The tax covenant in that case expressly provided that the lessee shall pay "all taxes and assessments whatsoever, except betterment taxes, which may be levied for or in respect of the said leased premises or any part thereof, *or upon or in respect of any rent payable hereunder by the lessee, howsoever, or to whomsoever assessed.*" (Italics ours). The court held that the lessee had no right to deduct the amount of such payment from the amount of the rent reserved to the lessor. However we must read that opinion in light of the Federal income tax as it stood at that time. Interpreting this requirement of the Federal income tax law the court, in the course of its opinion says:

"It seems to follow that, applying the phraseology of the income tax law to the covenant of the lease, the sum of money which the lessee has been compelled by that law to withhold from the plaintiffs and pay to the United States Government belongs to the class of imposts correctly described as 'taxes and assessments' and that it has been levied 'upon or in respect of the rent payable' under the lease. While in a general sense it is true that the income tax is laid upon 'the entire net income' of the individual, and not upon each of the several items of which it is composed, yet where the person who pays rent is required by the law to pay a percentage thereon to the government in way of tax and in behalf of the person who receives the rent, such payment is a tax in respect of the rent. . . ."

"The minute provisions of the instant act for withholding the tax at the source and the description of the payment thus exacted as a tax forbid the conclusion

that the tax is not levied upon a separate source from which a part of the net income is derived.''

The provision of the present Federal income tax law quoted, supra, directing the withholding and payment by the lessee out of the rent reserved, the normal income tax, is no longer in effect and the present Federal income tax law cannot be construed as levying a tax upon separate sources as such from which the individual taxpayer's income is derived and consequently in our view what has been ruled in the Suter case is not here in point.

Nor are the cases of Kimball v. Cotting, 229 Mass. 541, and Van Beil v. Brogan, 65 Pa. Sup. Ct. 384, in point for the reason that the tax covenants therein construed were interpreted in light of the provisions of the Federal income tax law set out in the Suter case, supra.

The tax covenant in the lease before us is readily distinguishable from the covenant construed in Phila. Ry. Co. v. Phila. Rapid Transit Co., 263 Pa. St. Rep. 561. In that case the covenant in the lease required the lessee to pay all taxes lawfully imposed upon the lessor, or for which the lessor would be liable *on account of its earnings or profits,* the court there held that ''so far as the covenant under consideration is concerned, we think it amply sufficient to cover both the income tax and the excess profit tax, in view of the fact that any tax assessed upon earnings or profits of the plaintiff would be paid by the defendant. The r⁷ .itiff having turned over all of its property to the d⸚ⅎndant the only earnings or profits it can receive are from the lease, and whether the tax be imposed upon income, net or gross, it is in fact imposed upon the rental. . . .''

In the case of Northern Pa. Ry. Co. v. Phila. & Reading Ry. Co., 249 Pa. St. Rep. 325, the opinion quotes several clauses from the elaborate tax covenants in the lease there under consideration and construes them as clearly showing the meaning of the parties to be that the lessee was to pay the income tax, or any other tax

Riesenberg v. Primary Realty Co.

to which the lessor might be subject, *regardless* of whether the income tax be viewed as a tax on net income or on the net income from rent. The opinion then goes on to state that:

Our "view of the case makes it unnecessary to decide the technical question, whether a tax on income received from rents amounts to a tax upon the rent itself. Strictly speaking, there is a clear distinction between the two. The tax on income is a tax irrespective of the source, or, in other words, it is a tax on the net revenue derived from all sources. The net income from real estate may be much less than the rent derived from the same property; however, even if the income tax be viewed as a tax on the property itself, it is covered by the fourth clause of the lease which requires the defendant to pay the charges levied thereon by any lawful authority. If it be construed to be a tax on the rent or on the net income derived from the rent, it is covered by the other provisions of the lease above quoted. . . ."

It thus conclusively appears from what we have quoted that this case did *not* pass upon the question which is determinative of the question at bar, namely, whether the present income tax can be construed as a tax "payable on account of rent" reserved.

We are of the opinion and so hold that the tax in question is a personal tax of the lessor arising out of her possession of a general net income, irrespective of the source, in excess of specific allowances and exemptions and that the income taxes intended to be covered by the tax covenants herein provided are only such as are directed specifically against the rent reserved as such, or in respect of or on account of such reserved rent, and that the income taxes here sought to be recovered by plaintiff of the defendant cannot be held to have been within the intention of the parties hereto when they agreed upon the tax covenants in the lease in question.

It follows that the judgment should be and the same is hereby ordered affirmed. *Allen, P. J.,* and *Daues, J.,* concur.