THE FARMERS LOAN AND TRUST COMPANY, as Executor, etc., and THE FARMERS LOAN AND TRUST COMPANY and Others, as Trustees under the Last Will and Testament of ARCHIBALD D. RUSSELL, Deceased, Plaintiffs, *v.* PARK & TILFORD, Defendant.

Supreme Court, New York County, October 9, 1925.

Landlord and tenant — lease — action to recover rent under covenant of lease providing that tenant should pay, in addition to rental, all taxes payable by landlord as income — clause in lease reciting tenant was to pay such tax as " may become payable by the owner * * * upon the said rents as income of such owner " requires payment of income tax imposed on landlord on amount received under lease — tenant not entitled to deduct all expenses which landlord was entitled to deduct in complete income tax report — court not warranted in finding conduct of parties construed lease to mean tenant was to pay only withheld tax or normal tax — fact that landlord's agent accepted sum of money smaller than amount due does not constitute accord and satisfaction — lease not illegal within meaning of Federal Income Tax Law of 1913, § 2, subd. E — plaintiff entitled to recover New York State income tax estimated in manner provided in lease — letter to effect that State income tax would be waived if Federal income tax were paid ineffective to bar landlord's claim.

A clause in a lease by which the tenant was to pay, in addition to a stipulated rental for the premises, all taxes which " may become payable by the owner * * * upon the said rents as income of such owner " should be construed as requiring the payment of income tax imposed upon the landlord on the amount received under the lease. A further clause in the lease to the effect

that the tenant was to have the benefit of " such deductions as may be allowed in computing the amount upon which the landlord is liable to pay income tax " does not entitle the tenant to deduct all expenses which the landlord was entitled to deduct in his whole income tax report, where the landlord owned parcels upon which he claimed deductions for expenses far exceeding the rent reserved in the lease, since to give effect to defendant's contention would render the provisions of the lease futile and meaningless. No deductions other than those allowed the landlord incident to the ownership of the particular property the tenant leased are permissible.

Moreover, the court is not warranted in finding that the conduct of the parties practically construed the lease to mean that the tenant was to pay only the withheld tax or the normal tax in the absence of anything to show that the lease is ambiguous in respect to the income tax to be paid or the deductions to be allowed against it.

The fact that an agent of the landlord accepted a sum of money smaller than the amount actually due does not constitute an accord and satisfaction of the rent for the year sued for in this action in the absence of proof showing any agreement to give up the claim which plaintiff now asserts, because the claim never was asserted and the defendant never questioned it.

The lease is not illegal within subdivision E of section 2 of the Federal Income Tax Law of 1913, for the reason that the withholding provisions can neither as *proprio vigore* or by reason of any contract relieve the taxpayer from his liability.

Accordingly, the plaintiff is entitled to recover the rent under the lease herein as well as the New York State income tax estimated in the manner provided in the lease.

The fact that one of the plaintiffs at one time directed a letter to the tenant to the effect that it would waive the payment of the New York State income tax if the amount of the Federal income tax were paid, is ineffective to bar the claim for the rent, since said letter was written in an attempt to compromise.

ACTION to recover rent under covenant of lease which provides that tenant should pay all taxes payable by owner as income.

*Geller, Rolston & Blanc* [*George S. Mittendorf* and *Samuel Saline* of counsel], for the plaintiffs.

*Davies, Auerbach & Cornell* [*Charles E. Hotchkiss* and *Martin A. Schenck* of counsel], for the defendant.

PROSKAUER, J.   Plaintiff sues to recover rent claimed to be due under the covenant of a lease that, in addition to a stipulated rental of $58,000 a year, the tenant should pay all taxes which " may become payable by any owner of the demised premises upon said rents as income of such owner by virtue of any present or future law or regulation of the United States of America, or of the State of New York, or of the Corporation of. the City of New York." The lease further provides that " the amount so to be paid by the tenant for income tax under this provision shall be the amount payable under the terms of any income tax law in force at the time when the payment of such income tax shall accrue on the basis that the rent of the premises is the landlord's entire income, the

tenant to have the benefit of such deductions as may be allowed in computing the amount upon which the landlord is liable to pay income tax."

Defendant contends that the lease contemplates merely the payment of a tax on rents as such and that inasmuch as the Federal and State Income Tax Laws impose no such tax on rents, nothing is herein recoverable.

In all the cases relied on by defendant the language of the lease related solely to a tax on rental as such. (*Park Bldg. Co.* v. *Yost Fur Co.*, 208 Mich. 349; *Young* v. *Illinois Athletic Club*, 310 Ill. 75; *Dennehy* v. *Barnheisel*, 218 Ill. App. 91; *Elliott* v. *Winn*, 305 Mo. 105; 264 S. W. 391; *Riesenberg* v. *Primary Realty Co.*, 214 Mo. App. 43; 258 S. W. 23.) The lease here considered expressly recites that the tenant is to pay such tax as " may become payable by the owner  *  *  *  upon the said rents as income of such owner." These words unequivocally require the payment of income tax imposed upon the landlord on the amount received under this lease. (*Suter* v. *Jordan Marsh Co.*, 225 Mass. 34; *Kimball* v. *Cotting*, 229 id. 541; *North Pa. R. R. Co.* v. *Phila. & R. R. Co.*, 249 Penn. St. 326; *Philadelphia C. P. R. Co.* v. *Phila. R. T. Co.*, 263 id. 561.)

The language used does not justify defendant's contention that the tenant's only obligation was the payment of the amount required to be withheld at the source under the earlier income tax laws or the normal income tax. Payment of " *all* " duties and taxes is required. The provision that the amount payable shall be estimated " on the basis that the rent of the premises is the landlord's entire income " leaves no doubt of the tenant's obligation to pay *all* income taxes, including the surtax so estimated.

The next controversy turns on the meaning of the clause that " the tenant to have the benefit of such deductions as may be allowed in computing the amount upon which the landlord is liable to pay income tax." The tenant contends that under this provision it is entitled to deduct all expenses which the landlord was entitled to deduct in his whole income tax report. He owned many parcels upon which he claimed deductions for expenses, which far exceed the $58,000 rent reserved. Therefore, to effectuate defendant's contention would render the provisions of the lease here under review utterly futile and meaningless. The clause relating to deductions must be read with the other provision that the amount to be paid by the tenant for income tax shall be estimated " on the basis that the rent of the premises is the landlord's entire income." The reasonable import of these clauses is that an estimate is to be made of the amount upon which the landlord would have to pay income tax if this rental of $58,000 were his sole income.

In such a statement he would be entitled to deduct the specific exemptions allowed to him by the law and any allowable deductions incident to the ownership of this particular property. No other deductions are reasonably permissible.

It remains to consider what effect, if any, the conduct of the parties during the lifetime of the original lessor should have upon the determination of the issues here.

During the earlier years of the Income Tax Law, when there were provisions for withholding at the source, the tenant merely paid over to the landlord the equivalent of the amount withheld. When the withholding provisions were eliminated from the law, there was correspondence between the tenant and a secretary of Mr. Russell, the landlord. The secretary wrote under date of June 19, 1918, requesting a check for the equivalent of four per cent (or the normal tax) on the $58,000 and four per cent on the real estate tax of $10,605. The tenant replied reminding the secretary that it was entitled to whatever exemptions were permitted by law to Mr. Russell. In answer thereto, under date of June 24, 1918, Mr. Russell's secretary wrote that the defendant tenant might also have a deduction of four per cent on the real estate tax imposed upon certain other property at Columbus avenue and Seventy-second street owned by the same landlord and leased to the same tenant. The tenant then replied inclosing a check for the amount so estimated, less a further deduction of four per cent on the $2,000 " which the government grants as exemption to the married." This check was accepted by Mr. Russell.

The tenant claims in the first instance that from this conduct and correspondence I should find that the parties' practically construed the lease to mean that the tenant was to pay only the withheld tax or the normal tax. I am mindful of the cases which hold that in the event of ambiguity, the practical construction placed upon an instrument by the parties is a potent factor in interpretation. There are many situations, however, in which a party may temporarily overlook a clear right; and his mere failure promptly to assert that right, in the absence of estoppel, cannot debar him from its assertion within the time limited by the law therefor. The law formulates this truism into the principle that while practical construction may be used to interpret an instrument legally ambiguous, it may not be resorted to, in the absence of estoppel, for the purpose of depriving a party of a clear right merely because of his delay in asserting it. (2 Williston Cont. § 623, p. 1206; 10 R. C. L. 1077.)

This lease is not ambiguous in respect of the income tax to be paid or of the deductions to be allowed against it. That its language

is difficult to interpret does not make it ambiguous in a legal sense. (*Crown Corset Co.* v. *Baumann & Co.*, 213 App. Div. 113, 117; *Bernstein* v. *Smith*, 119 Misc. 34; affd., 205 App. Div. 880; *Marrotto* v. *McCotter*, 85 N. Y. Supp. 431; *Fawkner* v. *Smith Wall Paper Co.*, 88 Ia. 169, 173; *Russell* v. *Young*, 94 Fed. 45.)   This very rule was applied in construing covenants to pay taxes in *Elliott* v. *Winn* (305 Mo. 105; 264 S. W. 391); *Young* v. *Illinois Athletic Club* (310 Ill. 75).

With respect to the deductions, moreover, I am unable to find that the parties had practically construed the lease.   Plaintiff claims that by failure to insist on the numerous deductions to which Mr. Russell was entitled, defendant has acquiesced in the theory that all deductions were not to be made.   Defendant claims that plaintiff, by acquiescing in the deduction of the equivalent of income tax on the amount of the real estate tax on the Seventy-second street property, acquiesced in making deductions other than those reasonably incident to the ownership of the demised premises. In point of fact what Mr. Russell's secretary wrote with respect to the Seventy-second street property and what the parties did with reference to it was perfectly meaningless.   The secretary in some way got the notion that because Park & Tilford also rented the Seventy-second street property they should be in some way entitled to a deduction of income tax on the real estate tax on that property.   No one would contend that they were entitled to such a deduction and not to all other deductions of like character, and yet such further deductions were never claimed by defendant.

For similar reasons I overrule defendant's contention that this correspondence constituted an accord and satisfaction of the rent for the year referred to and, therefore, presumptively for prior years.

An accord and satisfaction imports a dispute and a conscious surrender by agreement of a right known or reasonably to be known. Mr. Russell did not agree to give up the claim which his executor here asserts because he had never asserted the claim and defendant had never questioned it.   It was simply overlooked by both parties. There is abundant authority to the effect that the acceptance of a sum of money smaller than the amount due, in the absence of controversy and other circumstances supporting the inference of agreement to surrender rights to the excess, does not constitute an accord and satisfaction.   (*Mance* v. *Hossington*, 205 N. Y. 33, 36; *Fuller* v. *Kemp*, 138 id. 231, 237; *Mack* v. *Miller*, 87 App. Div. 359.)

The language of the 1913 Federal Income Tax Law is not broad enough to brand this contract as illegal.   The clause relied on reads: " Nothing in this section shall be construed to release a taxable person from liability for income tax, nor shall any contract entered

into after this act takes effect be valid in regard to any Federal income tax imposed upon a person liable to such payment." (See 38 U. S. Stat. at Large, 170, 171, § 2, subd. E.)

The clause is a part of subdivision E of section 2, which has for its subject-matter withholding at the source. It merely makes clear that the withholding provisions cannot either *ex proprio vigore* or by reason of any contract relieve the taxpayer from his liability. I am confirmed in this view by the circumstance that when the Federal Income Tax Law was next amended (See 38 U. S. Stat. at Large, 762, tit. 1, § 8, subd. d; Id. 763, tit. 1, § 9, subd. b) this clause was omitted, and by the further circumstance that in none of the reported cases interpreting clauses similar to the one here under consideration is there any reference whatever to this claim of illegality.

The plaintiff is also clearly entitled to recover the New York State income tax estimated in the manner provided in the lease. The covenant expressly recites that the taxes involved are those imposed by " the United States of America or of the State of New York." The letter of the vice-president of the Farmers Loan and Trust Company under date of January thirteenth, stating that the trust company would waive the payment of the New York State income tax if the amount of the Federal income tax were paid, was evidently written in an attempt to compromise and is ineffective to bar this claim.

No question of illegality under the New York State income tax arises as the contract was made before the enactment of that law.

Judgment is directed for plaintiff in accordance with this opinion.